Jennifer CIZEK and Joseph Cizek, Appellants/Cross–Appellees,

v.

CONCERNED CITIZENS OF EAGLE RIVER VALLEY, INC., Nora Firmin, Patricia Balzarini, and Charles Balzarini, Appellees/Cross–Appellants.

No. S–10293/10294.

Supreme Court of Alaska.

June 13, 2003.

---

William S. Cummings, Ashburn & Mason, Anchorage, for Appellants/Cross–Appellees.

Suzanne H. Ewy, Law Offices of Suzanne H. Ewy, Barrow, for Appellees/Cross–Appellants.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Concerned Citizens of Eagle River Valley, Inc. brought suit against property owners who were seeking to have their land rezoned to permit its use as a private airstrip. After settling with one defendant on the eve of trial, Concerned Citizens prevailed at trial against the Cizeks, and the superior court awarded it $40,000 in attorney's fees. The court justified this award both as partial public interest litigant fees and enhanced prevailing party fees under Alaska Rule of Civil Procedure 82. We affirm the superior court's action in its entirety: the award of partial attorney's fees under Civil Rule 82, the award of enhanced fees under subsection (b)(3) of that rule, the superior court's use of the Cizeks' fees as a starting point in its calculations, its refusal to reduce the award for alleged discovery violations by Concerned Citizens, and the amount of fees awarded.

## II. FACTS[1] AND PROCEEDINGS

Steve Dike owned property in Eagle River that included a private airstrip. In 1995 Dike petitioned the Municipality of Anchorage to rezone the property to allow the conditional use of the airstrip so he could develop the property as a fly-in subdivision. The Planning Commission granted the conditional use request and the Anchorage Assembly provisionally granted Dike's rezoning request, requiring that he first file a plat in conformity with his plans. No plat was filed,

---

1. The underlying facts in this opinion are taken from our opinion in the substantive appeal, *Cizek v. Concerned Citizens of Eagle River Valley, Inc.*, 41 P.3d 140, 142 (Alaska 2002).

no further action was taken, and the property was not rezoned. In 1997 Dike sold half the property to John and Jennifer Cizek who planned to build a home with an attached hangar and use the airstrip.

In 1998 Concerned Citizens of Eagle River Valley, Inc. (Concerned Citizens) sued to enjoin Dike and the Cizeks from using the airstrip, claiming that the nonconforming use right had lapsed from non-use between 1985 and 1995. Superior Court Judge Brian C. Shortell ruled in favor of Concerned Citizens, finding that the nonconforming use right had lapsed. The Cizeks appealed that determination to this court and we affirmed Judge Shortell's decision.

Immediately before trial, Concerned Citizens settled with Dike, receiving $12,500 and waiving any other claim for fees against him. Following trial with the Cizeks, Concerned Citizens filed a motion for attorney's fees, asserting public interest litigant status and claiming fees totaling $144,297.95. Determining this amount to be unreasonable and observing the absence of an adequate showing of specific services rendered, the court denied Concerned Citizens' motion and gave it sixty days to address these deficiencies. Concerned Citizens filed a reapplication for reasonable attorney's fees within the given time frame, claiming total fees of $144,078.95. The Cizeks responded with a summary of their fees to help determine the reasonableness of Concerned Citizens' claimed fees.

After an evidentiary hearing, Judge Shortell issued detailed findings of fact and conclusions of law. The court held that Concerned Citizens met the criteria for being a public interest litigant but that the Cizeks did not, as they had sufficient economic incentive to defend the suit even if the action only involved narrow issues lacking general importance. The court stated that, "[a]lthough [Concerned Citizens] would ordinarily be entitled to full fees against a governmental entity, its strategic decision to litigate only against private parties, its frivolous request for penalties, its use of the penalty claim for coercive purposes, and its request for penalty 'damages' should either deprive it of public-interest status or the right to an award of full reasonable fees." Judge Shortell further stated that this court has never approved an award of full fees against a private party based on the other party's public interest litigant status.

Judge Shortell also found that Concerned Citizens was entitled to a partial award of attorney's fees as the prevailing party under Civil Rule 82(b). Determining the fees claimed by Concerned Citizens to be excessive, the court used the $98,000 claimed by the Cizeks as the base amount reasonably incurred by Concerned Citizens.[2] The court then used Civil Rule 82(b) as a guide in determining what percentage of this base amount the Cizeks should be required to pay. It found that the extensive and sometimes unduly repetitive motion practice generated by the Cizeks' attorney, the long duration of the trial, and the reduction in fees incurred by Concerned Citizens due to the performance of a number of paralegal tasks by its individual members justified an order requiring the Cizeks to pay $40,000 in fees. The court stated both that this award was an appropriate partial public interest litigant fee and that if, on appeal, we found that Concerned Citizens was not a public interest litigant, the award would stand independently under Civil Rule 82(b)(3).

Both the Cizeks and Concerned Citizens appeal this award.

## III. STANDARD OF REVIEW

▐ The trial court's decisions as to whether fees are reasonable and should be awarded are reviewed for abuse of discretion.[3] "An award constitutes an abuse of discretion only when it is manifestly unreasonable."[4] Legal questions involved in exceptions to an award of attorney's fees are

---

**2.** The Cizeks actually claimed $108,000 in fees, which the court deemed "the upper limit of fees that can be called 'reasonable' here." The court then discounted the Cizeks' fees by $10,000 to account for those fees incurred against Dike before he settled.

**3.** *Alderman v. Iditarod Props., Inc.,* 32 P.3d 373, 380 (Alaska 2001).

**4.** *Thorstenson v. ARCO Alaska, Inc.,* 780 P.2d 371, 376 (Alaska 1989).

reviewed *de novo*, while exceptions that rely on factual findings are reviewed for clear error.[5]

## IV. DISCUSSION

### A. The Trial Court's Decision To Award Enhanced Partial Fees to Concerned Citizens Was Proper.

#### 1. The trial court did not err in holding the Cizeks responsible for Concerned Citizens' attorney's fees despite the Cizeks' reliance on the municipality's determination regarding the airstrip.

The Cizeks argue that because they were subject to suit based on their reliance on the municipality's determination that the airstrip was a legal nonconforming use, they should not be held liable for attorney's fees. The Cizeks' argument rests primarily on their substantive appeal—they argue that the superior court erred in holding that they could not reasonably rely on the municipality's decision.

The superior court ruled that the Cizeks did not reasonably rely on the municipality's decision finding the airstrip to be a valid, nonconforming use and, even if such a decision on the part of the municipality would estop the municipality from enforcement, Concerned Citizens could not be estopped from enforcing the zoning laws.[6] We agreed with the trial court's reasoning.[7] As the Cizeks base their argument on their substantive appeal, which we rejected, we likewise reject their claim for relief from attorney's fees.

#### 2. The trial court did not err in awarding attorney's fees to Concerned Citizens although Concerned Citizens had no obligation to pay its attorney.

The Cizeks argue that Concerned Citizens' attorney, Suzanne Ewy, donated her services and that Concerned Citizens was at no point under an obligation to pay her. Because Concerned Citizens did not incur any fees, the Cizeks argue that no fee award is appropriate. We have held in several cases, however, that "a client's absence of obligation to pay for legal services rendered does not preclude an award of attorney's fees under Civil Rule 82."[8] Accordingly, the trial court did not err in awarding fees to Concerned Citizens despite its lack of an obligation to compensate its attorney.

#### 3. The trial court did not give Concerned Citizens too many opportunities or too much time to establish reasonable fees.

The Cizeks next argue that the trial court abused its discretion in allowing Concerned Citizens additional time to supplement its motion, to file a reply, and to reapply for fees. Under Civil Rule 82(c), a motion for an award of attorney's fees must be filed within ten days of the date of the distribution of the final judgment. Failure to file within ten days, "or such additional time as the court may allow," is construed as a waiver of the party's right to recover attorney's fees.[9] We have held that a trial court will not be found to have abused its discretion in allowing a party additional time under Rule 82 unless the amount of time was unreasonable or resulted in prejudice to the opposing party.[10]

Here, the trial court issued an order on January 31, 2000 stating that partial judgment had been entered on January 20 and giving Concerned Citizens twenty days to supplement its earlier, premature request for an evidentiary hearing on its public interest litigant status. Concerned Citizens supple-

5. *Dobos v. Ingersoll*, 9 P.3d 1020, 1026 (Alaska 2000).

6. *Cizek v. Concerned Citizens of Eagle River Valley, Inc.*, 41 P.3d 140, 145 (Alaska 2002).

7. *Id.*

8. *Arctic Slope Native Ass'n v. Paul*, 609 P.2d 32, 38 (Alaska 1980) (discussing *Gregory v. Sauser*, 574 P.2d 445, 445 (Alaska 1978)).

9. Alaska R. Civ. P. 82(c).

10. *Alderman v. Iditarod Props., Inc.*, 32 P.3d 373, 397 (Alaska 2001).

mented its motion on February 22.[11] On March 7 Concerned Citizens requested a stay of proceedings until March 21 and additional time in which to file its reply to the Cizeks' March 3 opposition. The reply was filed on April 3. The trial court issued its order on Concerned Citizens' motion on September 15, denying the motion and granting Concerned Citizens sixty days to address the deficiencies identified by the court in its motion. Concerned Citizens filed its reapplication within that time.

■ Given that the initial filing was early, that Concerned Citizens filed the supplement requested by the court within the specified time, and that all briefing was completed within one month of the filing of the opposition to fees, the court's provision of additional time cannot be said to have been unreasonable, nor have the Cizeks demonstrated that it resulted in any prejudice to them. We find that the court did not abuse its discretion in granting Concerned Citizens additional time as provided for by Civil Rule 82(c).

### 4. The trial court did not err in deciding that enhanced fees were appropriate under Rule 82(b)(3).

The superior court awarded Concerned Citizens partial fees based on the court's determination that Concerned Citizens was a public interest litigant. In the alternative, the court awarded Concerned Citizens enhanced partial fees under Civil Rule 82(b)(3). Because we affirm the court's decision to award partial fees under Civil Rule 82, we do not reach the question whether the award of fees based on Concerned Citizens' public interest litigant status was appropriate.

### a. The Cizeks offer no basis for their argument that public interest status was improperly used as a factor under Rule 82(b)(3).

The Cizeks first argue that the trial court improperly considered the public interest nature of the case in awarding enhanced fees to Concerned Citizens. The Cizeks offer no support for their position that the court considered Concerned Citizens' status as a public interest litigant in awarding fees under Rule 82. Instead the Cizeks seem to rely on their arguments that Concerned Citizens should not have been granted public interest litigant fees in the first place. Because we find the trial court's decision to award fees under Civil Rule 82(b) to be adequately supported by the equitable factors it cites in its decision and because the Cizeks point to no facts supporting their theory that the court considered the public interest status of Concerned Citizens as a factor in determining fees under Rule 82, we reject this argument.

### b. The equitable reasons cited by the trial court support an award of enhanced fees.

■ The Cizeks next argue that none of the reasons stated by the court for enhancing attorney's fees supports its doing so. Under Civil Rule 82(b)(2), in cases which have gone to trial but which have not resulted in an award of money damages to the prevailing party, the court is instructed to enter an award of "30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred." This award may be varied on the basis of relevant equitable factors as provided in Civil Rule 82(b)(3). In departing from the general rule, the court must state any reasons for its variation from the prescribed percentage of fees.[12] We review reasons relying on factual findings for clear error.[13]

**11.** Under Alaska Civil Rule 6(a), when the last day of a filing period is a Saturday, Sunday or legal holiday, that day is not counted and the last day of the filing period is shifted to the next business day. Because February 20 was a Sunday and February 21 was President's Day, a legal holiday, the filing on February 22 was timely.

**12.** Alaska R. Civ. P. 82(b)(3).

**13.** *Dobos v. Ingersoll,* 9 P.3d 1020, 1026 (Alaska 2000).

■ In its order awarding Concerned Citizens partial attorney's fees, the superior court cited several factors justifying an increase under Civil Rule 82(b)(3):

> Plaintiffs' attorney was required to participate in extensive and sometimes unduly repetitive motion practice, most of it generated by the Cizek[s'] attorney, which increased the complexity of the case, and which, in most cases, was resolved in plaintiff[s'] favor. The trial was long in duration, requiring many extra hours of work that should be compensated. The plaintiffs reduced their attorney's bills by performing a number of paralegal tasks themselves.

The Cizeks argue that the length and complexity of the case will be reflected in the fees themselves and therefore should not be used to increase the percentage of fees awarded. However, these factors are explicitly listed as permissible considerations under Civil Rule 82(b)(3), and therefore are an appropriate basis for the trial court's decision. According to Civil Rule 82(b)(3), enhanced fees may be based on factors such as "the complexity of the litigation,"[14] "the length of the trial,"[15] "the reasonableness of the claims and defenses pursued,"[16] and "the relationship between the amount of work performed and the significance of the matters at stake."[17] The Cizeks have not demonstrated that any of the findings underlying the trial court's decision were clearly erroneous.

■ Once these findings have been made, the only requirement imposed on the trial court by the civil rules is that the court explain the reasons behind any variation in the fee schedule. The court retains broad discretion to award fees and to alter the amount it intends to award.[18] Because the court clearly stated its reasons for enhancing the award of attorneys fees to Concerned Citizens, we affirm its decision to award enhanced fees under Rule 82.

**c. The trial court did not err in declining to reduce the fees awarded pursuant to Rule 82(b)(3).**

Finally, with respect to the fee award, the Cizeks argue that, rather than increasing the amount under Rule 82(b)(3), the trial court should have reduced the award to Concerned Citizens on the basis of the above-discussed equitable factors. The Cizeks contend that Concerned Citizens claimed an unreasonable number of hours, did not attempt to minimize its fees, pursued an unreasonable claim in bad faith, and attempted to influence a nonparty, the municipality, with its litigation.

Under Rule 82(b)(3), the court may vary a fee award based on, among other things, the reasonableness of the number of hours expended, the attorney's effort to minimize fees, the reasonableness of the claims, bad faith conduct, the extent to which a fee award may be so onerous that it would deter similarly situated litigants from voluntary use of the courts, the extent to which a party's claims suggest an influence apart from the case at bar, and any other equitable factors the court deems relevant.[19] Here, the court accounted for the unreasonableness of Concerned Citizens' fees by discounting its claimed fee altogether and instead using the Cizeks' fee as the basis for the award. In the substantive appeal, we affirmed the lower court's decision, which indicates our belief that Concerned Citizens pursued reasonable claims in good faith.[20]

Again, the decision to award and to alter fees under Rule 82 is committed to the discretion of the trial court and will only be reversed if the court has abused its discretion.[21] As Judge Shortell's decision not to

---

**14.** Alaska R. Civ. P. 82(b)(3)(A).

**15.** Alaska R. Civ. P. 82(b)(3)(B).

**16.** Alaska R. Civ. P. 82(b)(3)(F).

**17.** Alaska R. Civ. P. 82(b)(3)(H).

**18.** *Taylor Constr. Servs., Inc. v. URS Co.,* 758 P.2d 99, 102–03 (Alaska 1988).

**19.** Alaska R. Civ. P. 82(b)(3)(C), (E), (F), (G), (I), (J), and (K).

**20.** *Cizek v. Concerned Citizens of Eagle River Valley, Inc.,* 41 P.3d 140, 147 (Alaska 2002).

**21.** *Taylor Constr. Servs.,* 758 P.2d at 102.

penalize Concerned Citizens for the reasons argued by the Cizeks cannot be said to be manifestly unreasonable, we reject the Cizeks' position and affirm the holding of the trial court.

### B. The Trial Court Did Not Err in Calculating the Base Amount of Concerned Citizens' Reasonable, Actual Attorney's Fees.

The Cizeks argue that Concerned Citizens' claimed fees were excessive and unreasonable, requiring that the court assess no fees against the Cizeks. However, there is no indication in our case law that the proper response to an unreasonable fee request is to deny an award altogether, and the Cizeks cite no support for their argument.

Rather than relying on the fees submitted by Concerned Citizens, the court substituted the Cizeks' fees as the basis for determining the fee award. The Cizeks now argue that the court's use of their fees as a substitute for Concerned Citizens' fees was unfair and constituted an inaccurate account of the fees incurred by Concerned Citizens.

■ In determining what constituted reasonable fees for Concerned Citizens, the trial court stated that the amount requested by Concerned Citizens (over $144,000) was excessive, considering the moderately complex legal and factual issues present. The court further found that the $108,000 charged by the Cizeks' counsel was also excessive. However, in light of the aggressive litigation techniques employed by both sides, the court decided to consider the Cizeks' fee as the upper limit of reasonableness. Given the broad discretion committed to the trial court in determining what fees are reasonable,[22] we affirm its use of the Cizeks' fees as a reasonable estimation of what Ewy could have claimed for this litigation.

### C. The Superior Court Did Not Err in Declining To Reduce the Fee Awarded by Imposing Discovery Sanctions under Civil Rule 37(c)(2).

The Cizeks next argue that Concerned Citizens acted unreasonably in refusing to admit that the airstrip was capable of being used and was actually used between 1984 and 1995. On this basis, they contend that the trial court should have granted their Civil Rule 37(c)(2) motion for discovery sanctions against Concerned Citizens for its refusal and that the award of attorney's fees against them should have been offset by the amount of the sanctions.

■ Civil Rule 37(c)(2) provides for an award of sanctions in the form of attorney's fees where a party, in a request for admission, refuses to admit the truth of any matter that is later proven to be true.[23] In this case, it was the responsibility of the trial court to determine whether Concerned Citizens had a reasonable basis for believing that the airstrip was unused and unusable.[24] That the airstrip was ultimately proven to be usable does not necessarily mean it was unreasonable for Concerned Citizens to refuse to admit that it was usable.

Here, Concerned Citizens presented evidence that the airstrip was not used and was not usable during the period in question,

---

**22.** *Cf. Dansereau v. Ulmer*, 955 P.2d 916, 918–19 (Alaska 1998) (upholding trial court's determination that time submitted was unreasonable and favorably observing trial court's substitution of "reasonable time"); *Integrated Res. Equity Corp. v. Fairbanks N. Star Borough*, 799 P.2d 295, 304 (Alaska 1990) (reserving decision whether too much time was spent by attorneys for prevailing party to discretion of trial judge).

**23.** Alaska R. Civ. P. 37(c)(2) provides:

If a party fails to admit the ... truth of any matter as requested under Rule 36, and if the party requesting the admission thereafter proves ... the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

**24.** *See Dobos v. Ingersoll*, 9 P.3d 1020, 1026 (Alaska 2000) (explaining that it is province of trial court to examine record and determine if reasonable foundation exists for party's belief that it will prevail on particular issue).

while the Cizeks offered the testimony of two pilots who stated that they had used the airstrip every year during the same period. Based on the conflicting testimony presented to the court, it found that Concerned Citizens "did not unreasonably persist in its denial" "that the airstrip was capable of being used and was actually used at least once each year between 1984 and 1995." The trial court did not err in refusing to offset the attorney's fee award against the Cizeks by levying sanctions against Concerned Citizens under Rule 37(c)(2).

### D. The Trial Court Appropriately Accounted for Dike's Settlement with Concerned Citizens.

Finally, the Cizeks argue that the superior court did not reduce Concerned Citizens' base fee amount by enough to account for its settlement with Dike. They point to our decision in *Thorstenson v. ARCO Alaska, Inc.*[25] as authority for their contention that Dike's participation in the case should have resulted in a greater reduction in the fees awarded against the Cizeks.

In *Thorstenson,* the trial court awarded fees to a prevailing defendant after a co-plaintiff settled shortly before the case was resolved.[26] The trial court first estimated that approximately "75% of the work would have had to have been done had [defendant] been opposing but a single plaintiff."[27] The court then awarded the defendant seventy-five percent of *that* figure.[28] We noted that "there was, so to speak, an *overlap* in the work performed in the defense of each plaintiff's claim."[29] But the trial court's methodology assigned to the remaining plaintiff the entire amount of this overlap, with no explanation.[30] We held that each plaintiff should be charged with a proportional share of the fees incurred prior to the resolution of his or her claims, as charging the last remaining plaintiff with a grossly disproportionate share of fees creates perverse incentives.[31] Notably, we did not hold that attorney's fees must always be equally apportioned, but rather that a remaining party may not be asked to bear an unreasonably heavier burden of the cost of litigation than a party who chooses to settle.[32]

Here, unlike in *Thorstenson,* the trial court made specific findings to justify different treatment of the former co-parties. The court determined that Concerned Citizens' base allowance for fees should be discounted by $10,000 to account for its settlement with Dike for the following reasons:

> This $10,000 figure is a fair estimate of fees incurred solely against Dike[;] it cannot be a precise determination. It is relatively small because the Cizeks and Dike litigated as a unit against [Concerned Citizens], because the bulk of active litigation involved the case against the Cizeks, and because Dike's active efforts in this case were small, compared to the Cizeks'.

The first reason for the court's unequal apportionment—that the Cizeks and Dike litigated as a unit against Concerned Citizens—actually supports an equal apportionment of fees. However, the court's second and third reasons for its apportionment provide sufficient support for an unequal apportionment. The superior court was in the best position to determine against whom Concerned Citizens' litigation efforts were focused, and it found "the bulk of active litigation efforts" to be directed against the Cizeks. The court separately found that Dike's active efforts were small. This finding too supports an unequal apportionment. Considering these factors, even if both Dike and the Cizeks had proceeded to trial, the court would have been justified in charging the Cizeks with a greater share of fees. Using as a basis for calculation the approximately $77,000 found by the superior court to have been incurred by Concerned Citizens before trial, the superior

**25.** 780 P.2d 371 (Alaska 1989).

**26.** *Id.* at 376.

**27.** *Id.*

**28.** *Id.*

**29.** *Id.*

**30.** *Id.*

**31.** *Id.* at 376–77.

**32.** *Id.*

court's apportionment of $10,000 to Dike and award of $40,000 against the Cizeks in favor of Concerned Citizens results in the Cizeks being responsible for approximately fifteen percent more and Dike fifteen percent less than a theoretically equal apportionment.[33] We find the reasons offered by the superior court for its unequal apportionment of fees to be sufficient to justify this different treatment of the defendants, and therefore reject the Cizeks' argument that the court did not adequately account for Concerned Citizens' settlement with Dike in calculating the Cizeks' share of fees.

## V. CONCLUSION

Because the trial court did not err either in the framework in which it apportioned fees—that is, in awarding enhanced partial fees to Concerned Citizens, in calculating the base amount of Concerned Citizens' fees, and in declining to reduce the award in the ways the Cizeks urged—or in the amount of fees awarded, we affirm its decision to award enhanced partial attorney's fees under Civil Rule 82(b)(3).

---

**33.** Based on Judge Shortell's calculations, Concerned Citizens' reasonable fees before settlement would have been approximately $77,000. This represents seventy-one percent of the total fee base of $108,000. If the court split this seventy-one percent equally between the Cizeks and Dike, each would be responsible for thirty-five and one-half percent of total fees. Because only the Cizeks litigated after the settlement, they would be responsible for all of the remaining twenty-nine percent. Thus, the final award would have been apportioned sixty-four and one-half percent to the Cizeks (thirty-five and one-half percent plus twenty-nine percent) and thirty-five and one-half percent to Dike. In that the court apportioned $10,000 of total fees to Dike and ordered the Cizeks to pay $40,000, the Cizeks actually incurred eighty percent of the total fee "award." Thus, Dike's apportioned share was about fifteen percent lower than theoretically equal apportionment while the Cizeks' share was correspondingly about fifteen percent above "equal" apportionment.