Aaron KOZEVNIKOFF, Sr., Appellant,

v.

TANANA VILLAGE COUNCIL, Appellee.

No. S–10881.

Supreme Court of Alaska.

April 23, 2004.

---

17. *Adams v. Waddell,* 543 P.2d 215 (Alaska 1975).

Ella Anagick, Law Office of Ella Anagick, Anchorage, for Appellant.

Lloyd Benton Miller and Marissa K. Flannery, Sonosky, Chambers, Sachse, Miller & Munson, LLP, Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

A losing party interpreted notations made by a court clerk on the final judgment (to the effect that costs or attorney's fees had not yet been awarded) as constituting a denial of the opponent's motion for costs and attorney's fees. Because the superior court correctly rejected that interpretation, we affirm the superior court's award of costs and fees.

## II. FACTS AND PROCEEDINGS

Aaron Kozevnikoff sued for a declaration that a tribal court order concerning the custody of his two children was null and void on the grounds that it violated his due process and parental rights. The Tanana Village Council (TVC) moved to dismiss Kozevnikoff's claim on jurisdictional grounds and for failure to state a claim upon which relief could be granted. In July 2002 Superior Court Judge Niesje J. Steinkruger granted TVC's motion to dismiss on both grounds.

In August TVC timely requested attorney's fees under Alaska Civil Rule 82.[1] Kozevnikoff opposed the motion and filed a notice of appeal. The superior court subsequently entered final judgment dismissing Kozevnikoff's claims with prejudice on September 12, 2002. Regarding attorney's fees the order read:

> FURTHER ORDERED and ADJUDGED that Defendant, Tanana Village Council, is awarded attorneys' fees in the amount of $＿＿＿＿; together with costs in the amount of $＿＿＿, for a total judgment of $＿＿＿, on which interest shall accrue at the rate of <u>4.25% which is the statutory rate</u> per annum until paid in full.

(The underlined passage was handwritten by Judge Steinkruger.)

The spaces where a monetary amount would be entered were left blank and a court clerk wrote "w/ out cost or atty fees" on the

1. Rule 82(b) states in pertinent part:
[The court] shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred. The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal, or law clerk. Alaska R. Civ. P. 82(b).

certificate of distribution. The order was distributed on September 16, 2002.

A clerk's order dated October 1, 2002 held Kozevnikoff liable for $220.48 in costs. The final judgment was redistributed to the parties on October 2 with the clerk's notation "w/ costs (no atty fees yet)."

On October 15 Kozevnikoff and TVC agreed to dismiss the merits appeal. Their Dismissal by Agreement stated that: (1) "This case having settled in full, the parties agree that the appeal should be dismissed under Appellate Rule 511(a)" and (2) "Each party will bear its own costs and fees for the purposes of this appeal." Lloyd Miller, counsel for TVC, stated that Marissa Flannery, who handled the superior court litigation for TVC, proposed the fee language in the agreement to Ella Anagick, Kozvenikoff's attorney, "as part of an expressed understanding that the Appellant would remain responsible for any fees or costs that might be awarded in the superior court."

On October 13 Judge Steinkruger dismissed without prejudice TVC's August motion for fees due to the insufficiency of the affidavit filed in support of the motion and inconsistency within the motion itself.[2] Judge Steinkruger gave TVC ten days to file a supplemental motion for fees. TVC filed its supplemental motion on October 22 stating that its actual fees were $15,732.15 and requesting an award of $3,146.43. Kozevnikoff opposed TVC's motion as being untimely and violating principles of *res judicata*. In November Judge Steinkruger awarded TVC $3,146.43 in attorney's fees.

## III. STANDARD OF REVIEW

■ We review the trial court's award of attorney's fees for an abuse of discretion.[3] When a review of an award of attorney's fees

and costs requires an interpretation of the Alaska Civil Rules, we apply our independent judgment.[4]

## IV. DISCUSSION

### A. The September 12th Final Judgment Was Not a Denial of TVC's Motions for Costs and Attorney's Fees.

Kozevnikoff argues that the clerk's notation "w/ out costs or atty fees" denied TVC's motions for attorney's fees and costs. Kozevnikoff essentially claims that notations made by a court clerk and not signed by the judge should be considered part of a judicial order. We reject this argument.

Alaska Civil Rule 58 mandates that the entry of judgment not be delayed while the court determines fees and costs,[5] making it appropriate for the court to enter the judgment on the merits without waiting for a final determination of fees and costs. Rule 58.1 draws a distinction between a judicial order and a clerk's certificate of distribution, providing that judgments are effective when they are signed and will thereafter be distributed by the court clerk.[6] Furthermore, if the September 12 order had been a judicial order denying fees, the superior court would have had to provide the parties with an explanation as to why the court was not following the fee schedule set out in Rule 82.[7]

■ Because notations made by a clerk on the certificate of distribution are not judicial orders and because a final judgment may be issued without waiting for the court to calculate attorney's fees and costs, we reject Kozevnikoff's argument that the September 12 order denied TVC's August 16 motions for fees and costs.

2. TVC's motion for fees requested $3,146.46, stating that this amount represented twenty percent of its actual attorney's fees, but TVC's affidavit in support of the motion stated that TVC's actual attorney's fees were $3,146.43.

3. *Hunt v. Univ. of Alaska, Fairbanks*, 52 P.3d 739, 742 (Alaska 2002).

4. *City of Kodiak v. Parish*, 986 P.2d 201, 202 (Alaska 1999).

5. Alaska R. Civ. P. 58.

6. Alaska R. Civ. P. 58.1(a)(2), (d).

7. Alaska R. Civ. P. 82(b)(3) (stating "[i]f the court varies an award, the court shall explain the reasons for the variation"). *See also Patrick v. Sedwick*, 413 P.2d 169, 179 (Alaska 1966) (reasons for deviating from set fee schedule must appear in record).

## B. The Superior Court Did Not Abuse Its Discretion When It Allowed TVC To Supplement Its Original Motion for Attorney's Fees.

■■■ Under Alaska Civil Rule 82 parties must file motions for attorney's fees within ten days of the clerk's distribution of the judgment or within a reasonable time determined by the court.[8] The question here is whether the trial court abused its discretion in granting TVC ten days to supplement its original motion for attorney's fees.[9] A trial court will not be found to have abused its discretion in allowing a party additional time to supplement its original motion under Rule 82 unless the additional time (1) was unreasonable or (2) resulted in prejudice to the opposing party.[10]

### 1. The amount of time granted was reasonable.

■■■ On October 13 Judge Steinkruger gave TVC ten days to file a supplemental motion for attorney's fees because its original motion and supporting affidavit were not sufficiently clear. The superior court has the discretion to allow for supplementation when the moving party fails to adequately support its claim for fees.[11] Alaska Civil Rule 60 also allows a party to correct a clerical error "arising from oversight or omission" [12] and has been used by this court to allow a party to supplement its original motion for attorney's fees when the original motion contained a clerical error.[13] Because the superior court has the power to correct clerical errors, omissions, and ambiguities in a party's motion for attorney's fees and because ten days was a reasonable amount of time, it was not unreasonable for Judge Steinkruger to allow

TVC ten days to file a supplemental motion for fees.

### 2. The supplemental motion did not prejudice Kozevnikoff.

■■■ Allowing a party to supplement its original motion for attorney's fees may constitute an abuse of discretion if it prejudices the opposing party.[14] As his own brief concedes, Kozevnikoff suffered prejudice only because of his erroneous belief that the September 12 order was a denial of attorney's fees, not because Judge Steinkruger allowed TVC to correct its clerical error in a supplemental motion.

Kozevnikoff also argues that his mistaken belief that the September 12 order constituted a denial of fees and costs should lead to a reversal of the superior court's award. He argues that because of his misplaced reliance on the finality of the September 12 order "he suffered prejudice settling his appeal on the assumption that no attorney's fees or costs were awarded to [the] Appellee." Kozevnikoff's argument of reliance is not supported by the record,[15] nor does it justify denying TVC costs and fees to which it is entitled.

Because Kozevnikoff was not prejudiced by TVC's supplemental motion and because it was reasonable for the superior court to give TVC ten days to supplement its original motion, there was no abuse of discretion.

## C. TVC Was Not Required To File a Motion for Reconsideration Under Alaska Civil Rule 77.

■■■ Kozevnikoff argues that TVC should not receive fees or costs because it failed to file a Motion for Reconsideration of the September 12 order pursuant to Civil Rule 77. Because the September 12 order was not a

---

**8.** Alaska R. Civ. P. 82(c).

**9.** TVC's original motion for attorney's fees is not subject to this analysis because its was filed within the time limits set forth in Rule 82.

**10.** *Cizek v. Concerned Citizens of Eagle River Valley, Inc.*, 71 P.3d 845, 849 (Alaska 2003) (citing *Alderman v. Iditarod Props., Inc.*, 32 P.3d 373, 397 (Alaska 2001)).

**11.** *Gonzales v. Safeway Stores, Inc.*, 882 P.2d 389, 399 (Alaska 1994).

**12.** Alaska R. Civ. P. 60(a).

**13.** *Babinec v. Yabuki*, 799 P.2d 1325, 1337 (Alaska 1990).

**14.** *See Alderman*, 32 P.3d at 397.

**15.** At the time that Kozevnikoff entered into the settlement, he should have at least been on notice that the superior court had granted TVC costs and had "not yet" awarded attorney's fees.

judicial ruling denying TVC's motion for costs and attorney's fees, TVC was not required to file a motion to reconsider under Rule 77.

## V.  CONCLUSION

We AFFIRM the superior court's award of $220.48 in costs and $3,146.43 in attorney's fees to TVC.