Scott and Sherry VAZQUEZ, Appellants,

v.

Diana Jean CAMPBELL, Appellee.

No. S–11316.

Supreme Court of Alaska.

July 28, 2006.

Rehearing Denied Nov. 20, 2006.

Kenneth P. Jacobus, P.C., Anchorage, for Appellants.

**2**

Jonathon A. Katcher, Pope & Katcher, Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

Challenged in this case is an award of actual attorney's fees and costs against Scott and Sherry Vazquez, who unsuccessfully opposed Diana Campbell's effort to enforce a child custody order entered by an Oregon court. The trial court concluded that the Vazquezes had engaged in bad faith litigation and thus an award of full fees was justified.

■ We find it unnecessary to decide whether the Vazquezes litigated in bad faith. The enforcement petition was brought pursuant to Alaska's version of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), AS 25.30.300–.910. A section of the act, AS 25.30.500(a), requires the award of actual reasonable attorney's fees and expenses to the prevailing party in an enforcement proceeding conducted under the act.[1]

■ Under Alaska Civil Rule 82, partial attorney's fees are awarded to the prevailing party as a matter of course. An award under Rule 82 may be increased to encompass full reasonable fees in cases where a non-prevailing party has engaged in bad faith conduct or pursued frivolous claims or defenses.[2] Where statutes call for an award of reasonable attorney's fees to a prevailing party, we have concluded that reasonable actual fees are intended rather than reasonable partial fees as would be the case under Rule 82.[3] In accordance with this approach, we interpret AS 25.30.500(a) as requiring the award of full reasonable attorney's fees.[4] On this basis we affirm the award of full fees made by the superior court.[5]

■ The Vazquezes also argue that costs, as distinct from attorney's fees, should not have been awarded for three reasons, none of which, in our judgment, is meritorious. They claim first that the right to costs has been waived because Campbell filed her request in a motion presented to the superior court rather than in the form of a cost bill presented to the clerk of court as required by Civil Rule 79(b). Campbell's motion requesting costs was timely under Rule 79 and was sufficiently detailed to meet the requirements of that rule. If the superior court had

---

1. AS 25.30.500(a) provides:
   To the extent authorized by court rules, the court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees, investigative fees, expenses for witnesses, travel expenses, and child care expenses incurred during the course of the proceedings, unless the party from whom costs, fees, or expenses are sought establishes that the award would be clearly inappropriate.

2. *Rockstad v. Erikson*, 113 P.3d 1215, 1224 (Alaska 2005) ("[We] have held that full fee awards are manifestly unreasonable unless the prevailing party has shown 'bad faith or vexatious conduct by the losing party.' ") (quoting *Demoski v. New*, 737 P.2d 780, 788 (Alaska 1987)).

3. *See Still v. Cunningham*, 94 P.3d 1104, 1117 (Alaska 2004); *Bobich v. Stewart*, 843 P.2d 1232, 1237 (Alaska 1992) ("[W]hen interpreting a state statute that expressly calls for an award of reasonable attorney's fees to successful plaintiffs, we have held that full fees should be awarded to claimants as long as those fees are reasonable."); *Boyd v. Rosson*, 713 P.2d 800, 802 (Alaska 1986).

4. The opening phrase of AS 25.30.500(a), "to the extent authorized by court rules," does not alter our conclusion. It seems likely that this language was added to the Uniform Act by the legislature so that subsection .500(a) would not be considered to be an attempt to change court rules. *See Leege v. Martin*, 379 P.2d 447, 450–51 (Alaska 1963) ("a legislative enactment will not be effective to change court rules of practice and procedure unless the bill specifically states that its purpose is to effect such a change" and is passed by a two-thirds vote of the members elected to each house). Civil Rule 82(a) itself provides that statutory attorney's fees are to be awarded in preference to those prescribed under the rule: "Except as otherwise provided by law . . . the prevailing party . . . shall be awarded attorney's fees calculated under this rule." Alaska Statute 25.30.500(a) is a law that "otherwise provide[s]" attorney's fees as "authorized" by Rule 82.

5. This court may affirm a judgment on grounds other than those relied on by the superior court. *Ransom v. Haner*, 362 P.2d 282, 285 (Alaska 1961).

wished, it could have referred the question of costs to the clerk for an initial decision. Under these circumstances we conclude that Campbell substantially complied with the requirements of Rule 79.

The Vazquezes also argue that travel expenses for the child's father were not authorized under Civil Rule 79 and therefore they should not have been awarded even though such expenses are authorized under AS 25.30.500(a). But this is incorrect because Rule 79 itself provides for the allowance of "other costs allowed by statute." [6]

The Vazquezes' third point concerning costs is that the award was unconscionable because they incurred many expenses caring for the child in reliance on Campbell's adoption consent, which she subsequently, and timely, revoked. The statutory standard here is that reasonable expenses should be awarded "unless the party from whom costs ... are sought establishes that the award would be clearly inappropriate." [7] A decision as to whether this standard has been satisfied is committed to the discretion of the superior court. We see nothing to persuade us that the court abused its discretion in rejecting this argument.

■ The Vazquezes make two further arguments based on the fact that Campbell was represented by Alaska Legal Services Corporation and incurred no attorney's fees. They argue first that the purpose of an award of attorney's fees is reimbursement of the prevailing party, and since Campbell incurred no fees that purpose will not be served. We reject this point because we have consistently held that clients receiving free legal services may recover attorney's fees.[8] As we stated in *Cizek v. Concerned Citizens of Eagle River Valley, Inc.:* "[A] client's absence of obligation to pay for legal services rendered does not preclude an award of attorney's fees under Civil Rule 82." [9]

■ The Vazquezes also argue that a federal regulation governing Alaska Legal Services Corporation prohibits the corporation from requesting attorney's fees.[10] Alaska Legal Services sought to avoid this prohibition by arranging for private counsel to appear pro bono and to move for costs and fees in this case. The Vazquezes argue that this is impermissible. The superior court did not reach this argument and instead ruled that "[t]he arguments raised concerning the legality of Ms. Campbell's counsel to receive legal fees is a matter between Ms. Campbell and her counsel, and between ALSC and LSC. It is not the concern of Mr. and Mrs. Vazquez." We agree with the superior court. In our view the regulation is not enforceable by a private litigant. The remedy for any violation resides with Alaska Legal Services' funding authority.

For the above reasons the judgment of the superior court is AFFIRMED.

---

6. Alaska R. Civ. P. 79(f)(15).

7. AS 25.30.500(a).

8. *See, e.g., Sisters of Providence In Washington v. A.A. Pain Clinic, Inc.*, 81 P.3d 989, 1011 (Alaska 2003); *Cizek v. Concerned Citizens of Eagle River Valley, Inc.*, 71 P.3d 845, 849 (Alaska 2003); *Arctic Slope Native Ass'n v. Paul*, 609 P.2d 32, 38 (Alaska 1980); *Gregory v. Sauser*, 574 P.2d 445, 445 (Alaska 1978) (reviewing award of attorney's fees in case handled by Alaska Legal Services Corporation).

9. *Cizek*, 71 P.3d at 849.

10. The regulation is 45 C.F.R. § 1642.3. It provides: "Except as permitted by § 1642.4, no recipient or employee of a recipient may claim, or collect and retain attorneys' fees in any case undertaken on behalf of a client of the recipient."