NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KATHERINE ELDEMAR, | ) | |
| | ) | Supreme Court No. S-17214 |
| Appellant, | ) | |
| | ) | Superior Court No. 1JU-08-00660 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| THOMAS WEISSMULLER, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1726 – June 19, 2019 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Stephanie E. Joannides, Judge pro tem.

Appearances: Mark Choate, Choate Law Firm LLC, Juneau, for Appellant. No appearance by Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

1.      Katherine Eldemar and Thomas Weissmuller divorced in 2007. They shared legal custody of two daughters, and Eldemar retained primary physical custody. Eldemar and Weissmuller extensively litigated the children's placement and visitation; at a 2018 hearing the superior court recounted the "ten-year history of extraordinary litigation, contentious, continuous litigation."

2.      The children visited Weissmuller, who lived on the east coast, for winter break and were to return to Eldemar in Juneau in January 2018. When the children were

---

[*]      Entered under Alaska Appellate Rule 214.

not returned as scheduled, Eldemar sought a writ of assistance from the Alaska court. The writ requested enforcement assistance from Rhode Island and Connecticut police; Weissmuller lived in Rhode Island, but Eldemar believed that he worked in both states. Police would not enforce the Alaska writ without a local court's order.

3. Eldemar hired a Connecticut attorney. The attorney succeeded in having a compliance order issued, but Weissmuller could not be served in Connecticut. Eldemar then hired a Rhode Island attorney. The attorney secured an order for the children's return. Eldemar traveled to Rhode Island and, escorted by local police, retrieved the children.

4. After returning to Alaska, Eldemar sought attorney's fees and costs related to retrieving the children. She itemized $23,975.77 in expenses "[b]etween attorneys in Alaska, Connecticut and Rhode Island, lost work, travel and associated costs from Alaska to Rhode Island and back, in a two-week period."

5. Eldemar also sought a temporary modification of visitation. She asked that the court require Weissmuller's spring and summer visits to occur in Juneau or that he be required to post a $25,000 bond each time the children visited him outside Juneau. Following a hearing, the court required Weissmuller's spring break visitation to occur in Juneau, and it required Weissmuller to post a $15,000 bond before any subsequent visitation outside of Juneau would be allowed.

6. The court later addressed the $23,975.77 Eldemar sought for attorney's fees and costs incurred retrieving the children. The court awarded her $15,000, noting that amount was "equal to the amount that Mr. Weissmuller will be required to post as bond in the future." Eldemar appeals this award.[1]

---

[1] Weissmuller did not participate in this appeal.

7.	Alaska Statute 25.30.500(a), part of Alaska's version of the Uniform Child Custody Jurisdiction and Enforcement Act, provides:

> To the extent authorized by court rules, the court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees, investigative fees, expenses for witnesses, travel expenses, and child care expenses incurred during the course of the proceedings, unless the party from whom costs, fees, or expenses are sought establishes that the award would be clearly inappropriate.

The statute's plain language requires three findings:  (1) that the party seeking costs and fees was the "prevailing party"; (2) that the expenses were "necessary and reasonable"; and (3) that the opposing party failed to "establish[] that the award would be clearly inappropriate."[2]  We have held that if "statutes call for an award of reasonable attorney's fees to a prevailing party, . . . reasonable actual fees are intended rather than reasonable partial fees" as awarded in other contexts.[3]  And we have "interpret[ed] AS 25.30.500(a) as requiring the award of full reasonable attorney's fees."[4]

8.	When the superior court declines to award full "necessary and reasonable expenses" as provided in AS 25.30.500(a), the court must make findings explaining its disallowance of incurred expenses.[5]  Eldemar was the prevailing party; the court ordered the children returned to her in Alaska and granted her motion to modify visitation.  The

---

[2]	AS 25.30.500(a).

[3]	*Vazquez v. Campbell*, 146 P.3d 1, 2 (Alaska 2006).

[4]	*Id.*

[5]	*See State v. Schmidt*, 323 P.3d 647, 668 (Alaska 2014) (holding that superior court "must make sufficient findings to permit meaningful review of an attorney's fees award").

court was required to make a full award unless it determined that some expenses were unnecessary or unreasonable or Weissmuller established that a full "award would be clearly inappropriate."[6]

9.      The superior court "question[ed] whether it was necessary . . . to incur all of these expenses in enforcing [Eldemar's] custody order." But rather than resolving this question, the court arbitrarily awarded attorney's fees equal to the $15,000 bond Weissmuller must post in the future should he wish to exercise visitation outside Juneau. Without findings explaining why Eldemar's actual incurred expenses were unnecessary or unreasonable or whether Weissmuller otherwise established that it would be clearly inappropriate to make a full award, we cannot meaningfully determine whether the award was within the court's discretion.

10.      The superior court's decision is VACATED and REMANDED for entry of an attorney's fees and costs award in accordance with AS 25.30.500; if a full award is not made, the superior court must provide supporting findings. We do not retain jurisdiction.

---

[6]      AS 25.30.500(a).