**Donald J. HUTCHERSON**

v.

**STATE of Alaska et al.**

No. 2116.

Supreme Court of Alaska.

June 27, 1980.

Gerald W. Markham, Kodiak, for appellant.

Ivan R. Lawner and Eric Olson, Asst. Attys. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ. and HODGES, Superior Court Judge (sitting as a Supreme Court Justice).

## OPINION

PER CURIAM.

In *Anchorage v. McCabe*, 568 P.2d 986, 994 (Alaska 1977), we held that "the trial court may, in its discretion award full attorney's fees to public interest plaintiffs." Donald Hutcherson, the prevailing plaintiff in this case, submitted a claim for $5,670 in fees allegedly incurred in litigating his claim. The superior court, however, awarded him only $2,650. Hutcherson has appealed, contending that the award constituted an abuse of the superior court's discretion in that it misconstrued and misapplied *McCabe.*

On February 16, 1977, Hutcherson was injured on a crab boat in waters more than three miles beyond the Alaska coast. Pursuant to AS 23.35.010–.150, he filed a timely application with the state-operated Fishermen's Fund for reimbursement of his medical expenses in the amount of $1,794.69. The Fund, however, denied his claim on the grounds that he was injured beyond the territorial waters of the State of Alaska, and hence not eligible for coverage under AS 23.35.070. Based on an opinion issued by the Alaska Attorney General, the Fund ruled that the limit of Alaska's territorial waters is three miles.

Hutcherson subsequently filed suit against the Fund in Kodiak superior court, seeking a declaratory judgment that the Fund's legal interpretation of "territorial waters" was incorrect. He also sought to have his suit certified as a class action on behalf of "all fishermen . . . injured in the course of fishing beyond three miles from the shore of Alaska who have applied or would have applied for relief for funds expended or amounts owing for medical

**1018**

services under the provisions of [AS 23.35.-010–.150] but have been turned down or not applied because of [the Fund's] policy with regard to fishermen injured beyond three miles from shore." Hutcherson subsequently raised a new claim, that if the Fund were correct in its interpretation of AS 23.35.070, then the statute would be unconstitutional. After both parties had extensively briefed the issues, the superior court ruled that the Fund's interpretation was correct, but that AS 23.35.070 violated the constitutional guarantee of equal protection of the laws.[1] However, the superior court refused to certify Hutcherson's suit as a class action.

Notwithstanding the language from *McCabe* quoted at the outset of this opinion, Hutcherson would have us interpret *McCabe* to hold that the trial court must, absent unusual circumstances, award full attorney's fees to successful public interest plaintiffs. We reject this construction of *McCabe*. Indeed, our study of the record persuades us that the superior court correctly applied *McCabe's* holding which granted it discretion to award full or only partial fees to public interest plaintiffs.[2] Thus, finding no abuse of discretion in the superior court's determination of attorney's fees, we AFFIRM.

BOOCHEVER, J., not participating.

---

1. U.S.Const. Amendment XIV; Alaska Const. Art. I, § 1. AS 23.35.070 was amended by the 1979 legislature. It now covers injuries incurred by fishermen in the "inland and territorial water of the state and the fishery conservation zone adjacent to the state" established by federal law.

2. The Fund argues that Hutcherson does not qualify as a public interest plaintiff under the three-part test we adopted in *McCabe*, 568 P.2d at 991, and thus cannot even invoke his argument that successful public interest plaintiffs must be awarded full attorney's fees absent unusual circumstances. It is unnecessary for us to resolve this issue, as we find no merit to plaintiff Hutcherson's argument even assuming he does meet the *McCabe* public interest test.