Patricia C. HUNSICKER, Darlene
Sullivan, Debra L. Richey and
Paula S. Apger, Appellants,

v.

Evelyn THOMPSON, Clerk of the Mata-
nuska-Susitna Borough; Assemblyper-
son Rose Palmquist; Mayor Edna Arm-
strong; Assemblyperson Elizabeth Ber-
ry; Assemblyperson Barbara Carr; As-
semblyperson John Musgrove; Assem-
blyperson Alfred Strawn; Assemblyper-
son Vern Ungerecht and the Matanus-
ka-Susitna Borough, Appellees.

No. S–799.

Supreme Court of Alaska.

April 11, 1986.

James T. Robinson, Smith, Robinson,
Gruening & Brecht, Anchorage, for appel-
lants.

Patricia R. Hefferan, Kopperud & Hef-
feran, Wasilla, for appellees.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal raises the question whether
the trial court abused its discretion in fail-
ing to award full reasonable attorney's fees
incurred in public interest litigation. We
reverse.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to the appeal are
not in dispute. Three candidates appeared
on the ballot of a recent Mat-Su Borough
School Board election. Patricia C. Hunsick-
er received a plurality of over 40% of the
votes cast, entitling her to a seat on the

Board. The Assembly of the Mat-Su Borough certified the results. The Assembly later discovered that one of the candidates was not qualified to appear on the ballot and voted to decertify the election.

Hunsicker filed a complaint against the Mat-Su Borough and various officials (Mat-Su) seeking an injunction against the Assembly's attempts to decertify the election and a declaration that she is a *de jure* member of the Board. Judge Beverly W. Cutler granted Hunsicker's motion for summary judgment. As the prevailing party, Hunsicker moved for full attorney's fees of $32,236.50. Judge Cutler found that this was public interest litigation; she then awarded Hunsicker $15,000 attorney's fees. Hunsicker appeals, contending she should have been awarded full reasonable attorney's fees.

## II. PUBLIC INTEREST LITIGATION ATTORNEY'S FEES

Hunsicker argues that the trial court abused its discretion in failing to award full reasonable attorney's fees because she is a public interest plaintiff. Mat-Su contends the award was a sound exercise of the court's discretion.

■ Our prior decisions reflect some ambiguity on the extent of a trial court's discretion to award less than full reasonable attorney's fees to a prevailing public interest litigant. *See Hutcherson v. State*, 612 P.2d 1017, 1018 (Alaska 1980); *Anchorage v. McCabe*, 568 P.2d 986, 990–94 (Alaska 1977). We now wish to state the rule. A prevailing public interest plaintiff is normally entitled to full reasonable attorney's fees.[1]

A trial court has discretion to award less than all requested fees, for instance, if it finds the hourly rate is excessive or the total hours unreasonable. *City of Yakutat v. Ryman*, 654 P.2d 785, 794 (Alaska 1982). Furthermore, a trial court does not abuse its discretion in refusing to award attorney's fees when a case settles before trial and it finds the plaintiff is not a prevailing party. *Tobeluk v. Lind*, 589 P.2d 873, 876–78 (Alaska 1979).[2]

■ However, the court may not reduce the award in order to discourage public interest litigation or penalize a plaintiff acting as a private attorney general. *See McCabe*, 568 P.2d at 993–94. Furthermore, the trial court may not reduce the award because the plaintiff has a significant personal interest in the outcome of the lawsuit. The fact is relevant solely on the question whether the plaintiff is a public interest litigant, not on the reasonableness of the requested fee. *See Gold Bondholders Protective Council v. Atchison, Topeka and Santa Fe Railway*, 658 P.2d 776 (Alaska 1983).

■ Applying these rules to the case at bar, we find we must reverse and remand for reconsideration. In her oral decision, Judge Cutler ruled that the case was public interest litigation.[3] Therefore, Hunsicker is entitled to full reasonable attorney's fees. Judge Cutler deducted $2,236.50 because Hunsicker initially named the wrong defendants and did not believe Hunsicker should be compensated for this error. Hunsicker did not appeal this finding, and we perceive no abuse of discretion.

However, Judge Cutler also noted that Mat-Su was litigating in good faith, that she felt litigants should "think about the

1. Our decision in *Hutcherson* is overruled to the extent it is inconsistent with this rule.

2. It is an abuse of discretion to award attorney's fees *against* an unsuccessful public interest plaintiff who raises a claim in good faith. *Girves v. Kenai Peninsula Borough*, 536 P.2d 1221, 1227 (Alaska 1975); *Gilbert v. State*, 526 P.2d 1131, 1136 (Alaska 1974). However, if private stakes are high, the suit may not be of genuine public interest. Under those circumstances, a trial court does not abuse its discretion in awarding fees against a losing plaintiff. *Gold Bondholders Protective Council v. Atchison, Topeka and Santa Fe Railway*, 658 P.2d 776 (Alaska 1983).

3. Although Mat-Su initially cross-appealed on the issue whether this is public interest litigation, the cross-appeal was dismissed on Mat-Su's motion.

costs of litigation," that the case was decided on summary judgment, that the file was not exceptionally thick, that couriers were not used to file papers in Palmer, that more than one attorney for Hunsicker appeared at hearings although this was not inappropriate, and that a person in the public arena should expect to absorb some costs. She then stated that $30,000 were "credible" attorney's fees, and awarded Hunsicker 50% of that amount.

We are unable to determine from the transcript what amount Judge Cutler believed represented full reasonable attorney's fees. If the court concludes that the $30,000 "credible" fees are reasonable, it should award that amount. Therefore, we remand for a determination of what portion of the requested fees are reasonable fees. On remand, the court may consider the reasonableness of the total time expended on the case, the hourly rate charged and any of the other components of a reasonable fee. It may not consider Mat-Su's good faith, a litigant's duty to consider the costs of litigation, or the expectation that a public servant would absorb certain costs of maintaining her office. If the court finds that the full amount requested is unreasonable and awards a lesser sum, it must state its reasons on the record.

REVERSED and REMANDED.