Dana DANSEREAU, Gregory J. Gursey, Samuel Haywood, Kathy Haywood, C.E. Jenkins, Kim Ryan, James Weymouth, Rita T. Weymouth, T.J. Northcott, David D. Kyzer, M.D., and Jane and John Does 1–10, Appellants,

v.

Fran ULMER, Lieutenant Governor, State of Alaska, and David Koivuniemi, Acting Director of the Alaska Division of Elections, Appellees,

and

Tony Knowles, Personally, and Fran Ulmer, Personally, Intervenor Appellees.

No. S–7854.

Supreme Court of Alaska.

April 3, 1998.

Rehearing Denied May 7, 1998.

Wevley William Shea, Anchorage, for Appellants.

John B. Gaguine, Assistant Attorney General, and Bruce M. Botelho, Attorney General, Juneau, for Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH and BRYNER, JJ.

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

Public interest litigants prevailed on one of three issues. They claim it was error not to award them full reasonable attorney's fees and certain expert witness fees. We hold that it was not error to deny the witness fees or to reduce the attorney's fees to a reason-able amount, but that it was error to apportion the fees by issue. We therefore affirm in part and reverse in part.

## II. FACTS AND PROCEEDINGS

Ten voters (Contestants) challenged the validity of the 1994 gubernatorial election in which Tony Knowles and Fran Ulmer were elected governor and lieutenant governor, respectively. *Dansereau v. Ulmer*, 903 P.2d 555, 558 (Alaska 1995). The Contestants advanced three main arguments: (1) that a North Slope Borough voter assistance program violated state and federal election laws; (2) that a postcard sent to shareholders of Doyon, Limited violated state and federal election laws; and (3) that the State committed election malconduct in its operation of the Prudhoe Bay voting station. *Id.* at 559.

The superior court granted summary judgment to the State on all three issues, and the Contestants appealed to this court. *Id.* at 558. We reversed and remanded on the Doyon lottery issue, and affirmed the grant of summary judgment on the other two issues. *Id.* at 572. The Contestants then filed motions in this court seeking attorney's fees and costs incurred in both the trial and appellate courts. A single justice gave the parties an opportunity to submit additional information.

Upon remand, and while those motions were pending, the superior court allowed Knowles and Ulmer to intervene. On November 7, 1995, the parties agreed to settle and to dismiss the case with prejudice. The initial proposed settlement called for an arbitrator to decide the issue of attorney's fees incurred in the trial and appellate courts. In a hearing that same day, the superior court expressed reservations about approving the settlement agreement containing the arbitration provision. The parties then agreed at the hearing that the superior court could act as the arbitrator and decide attorney's fees either under the public interest exception to Civil Rule 82 or under Civil Rule 82(b)(3). The State also stipulated that the Contestants were prevailing parties "on certain issues."

Pursuant to the settlement agreement, the Contestants sought awards of $170,355 in attorney's fees and $32,212.54 in costs, including $20,000 in expert witness fees for Robert Motznik. The Contestants later requested $13,530 in additional attorney's fees and $598.34 in additional costs. When informed of the settlement agreement, this court entered an order deeming withdrawn the costs and fees motions Contestants had filed with us.

After oral argument, the superior court awarded the Contestants $21,500 in attorney's fees and $1,284.67 in costs.[1] The Contestants appeal both awards.

## III. DISCUSSION

### A. Standard of Review

 The award of attorney's fees and costs is committed to the discretion of the trial court and is reviewed only for abuse of discretion. McNett v. Alyeska Pipeline Serv. Co., 856 P.2d 1165, 1167 (Alaska 1993) (attorney's fees); Beaulieu v. Elliott, 434 P.2d 665, 678 (Alaska 1967) (costs). Whether the trial court has discretion to apportion a prevailing public interest litigant's attorney's fees by issue is a question of law. Accordingly, we apply our independent judgment to this question, and adopt the rule of law most persuasive in light of precedent, reason, and policy. Hickel v. Southeast Conference, 868 P.2d 919, 923 (Alaska 1994); Guin v. Ha, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).[2]

### B. Reduction of Total Time to Reasonable Amount

The superior court found that "a significant portion of time expended by plaintiffs' attorney[s], as set out in the billing state-

ments attached to Mr. Shea's affidavits, was neither reasonably incurred [n]or necessary in prosecuting this litigation and thus should not be allowed." The Contestants' attorneys asserted that they spent 1,135.7 hours on this case. The superior court concluded that Contestants' attorneys should have spent no more than 430 hours, with one-third attributable to the Doyon postcard issue on which they prevailed.[3]

The Contestants argue that the superior court ignored law and evidence and abused its discretion in making a "manifestly unjust" award. The Contestants argue that the attorney's fees requested were "very reasonable." They claim that the time involved was extensive and the issue of voting rights was novel. In addition to the billing statements, they rely on affidavits in which the Contestants and other members of the public state that they find the fees reasonable, and evidence that the State spent a similar amount of time on this case.

 Although Civil Rule 82 provides for awards of partial attorney's fees, we have created an exception to this rule for public interest litigants. See Hickel, 868 P.2d at 923. Public interest litigants are normally entitled to full reasonable attorney's fees. See Hunsicker v. Thompson, 717 P.2d 358, 359 (Alaska 1986). Nonetheless, "a trial court has discretion to award less than all requested fees, for instance, if it finds the hourly rate is excessive or the total hours unreasonable." Id. (citing City of Yakutat v. Ryman, 654 P.2d 785, 794 (Alaska 1982)). Since the State has conceded that the Contestants are public interest litigants, Contestants are eligible to recover full fees provided they are reasonable.

1. Although the superior court awarded attorney's fees for proceedings before both this court and the superior court, it did not invoke Appellate Rule 508 in calculating the award for services performed on appeal. The parties authorized the superior court to compute attorney's fees either under the exception to Rule 82 for public interest litigants or under the factors delineated in Rule 82(b)(3). The superior court relied on the exception to Rule 82 for public interest litigants.

2. Despite the fact that the parties agreed that the trial judge would act as an arbitrator, they do not

contend that the standard of review applicable to arbitration awards under the Uniform Arbitration Act applies here. See AS 09.43.120, .130. Absent thorough briefing and careful consideration, we would not apply an arbitration standard of review to a decision of a superior court judge even when a judge is said to be acting as an arbitrator by stipulation of the parties.

3. We discuss in Part III.C whether the trial court has discretion to apportion fees by issue.

The superior court stated that it had thoroughly reviewed the court file and considered the Contestants' billing statements, taking into account the complexity of the case and the risks to the parties in order to determine whether the incurred fees were reasonable. The superior court first discussed categories of services for which it would not award fees: (1) communicating with persons who had no role in the litigation; (2) doing things usually handled by support staff; (3) dealing with media coverage; (4) communicating with persons whose names were redacted on issues unrelated to Doyon; (5) managing files and documents; (6) performing work following oral argument in this court and prior to publication of our decision; (7) doing things that were not identifiable or necessary to litigation; and (8) working on issues unrelated to Doyon. The superior court then itemized some eighteen allowable categories of services and totaled the time that the attorneys could have reasonably spent on each of those categories. That total was 430 hours. This method of calculating the total time that could have been reasonably spent was not inappropriate, and the superior court did not abuse its discretion in concluding that no more than 430 hours could have been reasonably spent by Contestants' attorneys.

The Contestants argue that the time spent by the State's attorneys, 1151 hours, establishes the reasonableness of the time spent by the Contestants' attorneys. Although the time spent by opposing counsel can be relevant, it is not conclusive. An opposing attorney may have spent unreasonable amounts of time, or may have been forced to spend large amounts of time responding to an adversary's inadequate or unreasonable legal efforts. The superior court did not err in failing to rely on the time spent by the State's attorneys.

## C. *Apportionment by Issue*

Because the superior court found that the Contestants prevailed on only one of the three issues on appeal, it apportioned the fees by issue and based the award on one-third of the 430 hours that it had determined were reasonable. The Contestants argue that because they are public interest litigants, the superior court did not have discretion to apportion their fees by issue. The State argues that the court did not abuse its discretion in apportioning fees by issue.

For private litigants, Civil Rule 82(b)(3) gives trial courts discretion to apportion fees by issue when determining reasonable attorney's fees. Alaska R. Civ. P. 82(b)(3)(K) ("The court may vary an attorney's fees award ... if, upon consideration of the factors listed below, the court determines a variation is warranted: ... (K) other equitable factors deemed relevant."); *see also Alaska State Bank v. General Ins. Co.*, 579 P.2d 1362, 1369–70 (Alaska 1978) (finding court had discretion to decline to award fees on each of the contested issues in determining a reasonable amount of attorney's fees). Civil Rule 82 embodies a policy that the prevailing party is only entitled to recover partial attorney's fees. *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 263 (Alaska 1996).

By contrast, "[a] prevailing public interest plaintiff is normally entitled to full reasonable attorney's fees." *Hunsicker*, 717 P.2d at 359; *see also Anchorage Daily News v. Anchorage Sch. Dist.*, 803 P.2d 402, 404 (Alaska 1990) (prevailing public interest litigant entitled to "full amount of its attorney's fees, to the extent that they are otherwise reasonable"). The policy of awarding full attorney's fees to public interest litigants was designed to encourage plaintiffs to raise issues of public interest as "private attorneys general." *Anchorage v. McCabe*, 568 P.2d 986, 990 (Alaska 1977). We have not directly addressed whether trial courts have discretion to apportion fees by issue in public interest cases.

*Hunsicker* restricts the discretion of trial courts to award less than full reasonable attorney's fees to public interest litigants. 717 P.2d at 359. We stated:

On remand, the court may consider the reasonableness of the total time expended on the case, the hourly rate charged and any other components of a reasonable fee. It may not consider [the losing defendant's] good faith, a litigant's duty to consider the costs of litigation, or the expecta-

tion that a public servant would absorb certain costs of maintaining her office.

*Id.* at 360.

In *Hickel,* the issue was whether the court *must* apportion fees by issue and award fees only for those issues on which the public interest litigant prevailed. 868 P.2d at 923. We held that the trial court was not required to apportion fees by issue. *Id.* at 925. *Hickel* suggests, however, that a trial court has "the discretion to consider the prevailing party's degree of success on issues when the court sets the award amount." *Id.* at 925–26 (citing *Alaska State Bank,* 579 P.2d at 1369). We now elaborate on this statement and hold that for prevailing public interest litigants, courts should only exercise this discretion in exceptional circumstances.

In *Hickel,* one reason we gave for not requiring apportionment by issue was that apportionment would be redundant in light of Rule 82's framework. 868 P.2d at 925. We found that "Alaska's approach already takes into account the degree of success at the initial stage of determining prevailing party status." *Id.* Once a public interest litigant has been identified as the prevailing party, his or her varying degree of success on the different issues is rarely a component of a "reasonable fee."[4] We conclude that attorney's fees for prevailing public interest litigants, therefore, may be apportioned only in exceptional circumstances.

The superior court did not find and we see no basis for finding exceptional circumstances here. For example, the superior court did not find that the other issues Contestants raised were frivolous or had been raised simply to inflate a prospective award of attorney's fees. The superior court apportioned fees only because it found that the Contestants only prevailed on one of three issues on appeal. We reverse and hold that these public interest litigants are entitled to full reasonable attorney's fees, without apportionment by issue.

### D. *Expert Witness Fee*

The Contestants claim that the superior court erred by failing to award as costs expert witness fees for Robert Motznik.

Civil Rule 83 provides that the payment of witness fees shall be governed by the rules for the administration of the courts. Per administrative rule, an expert witness may be paid up to $50 an hour for the time the witness spends testifying. Alaska R. Admin. P. 7(c). The superior court has discretion, however, to invoke Civil Rule 94 in order to relax Administrative Rule 7(c) to prevent injustice. Alaska R. Civ. P. 94; *Hickel,* 868 P.2d at 931.[5]

The superior court declined to invoke Rule 94 because it found that Motznik was not paid for his work and had no binding agreement with the Contestants to be paid for his work. It also noted that Motznik did not testify. The superior court was not required to invoke Rule 94. Parties cannot expect to recover as costs expert witness fees that are contingent on the award itself. Such a practice would tend to encourage experts to become advocates.

The superior court did not abuse its discretion by failing to award costs for Motznik's expert services.

### IV. *CONCLUSION*

The superior court did not abuse its discretion in finding that the total time spent by the Contestants' attorneys was excessive and in calculating the reasonable time as 430 hours, nor did it abuse its discretion in denying any cost award for expert witness Motznik. We conclude, however, that it was an abuse of discretion to apportion the attorney's fees by issue. We therefore AFFIRM in part and REVERSE in part the Septem-

---

4. We can, however, posit a situation in which a trial court may consider a public interest litigant's varying degrees of success on different issues. For example, a trial court could conceivably find that some issues litigated by prevailing public interest litigants were so frivolous that apportionment of attorney's fees would be necessary to determine reasonable fees.

5. Civil Rule 94 provides: "These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice."

ber 4, 1996, final judgment, and REMAND for award of attorney's fees based on the 430 hours that the superior court determined to be reasonable.[6]

FABE, J., not participating.

---

6. The Contestants listed several other issues in their "Points on Appeal" that they failed to argue. These include the claim that the trial court erred in awarding costs (other than the expert witness fee) under Civil Rule 79, and the claim that the court erred in allowing Tony Knowles and Fran Ulmer to intervene. These issues, to the extent they are not subsumed in the arguments addressed above, are waived. "[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal." *Adamson v. University of Alaska,* 819 P.2d 886, 889 n. 3 (Alaska 1991); *see also Petersen v. Mutual Life Ins. Co.,* 803 P.2d 406, 411 n. 8 (Alaska 1990) (holding that argument was waived where appellant mentioned it in main brief but failed to "advance any legal argument as to why the court erred").