Dorothy KRONE, Silas Stevens, and Billie Wallace on behalf of themselves and all those similarly situated, Appellants,

v.

STATE of Alaska, DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Joel Gilbertson, in his official capacity as Commissioner of the Department, Division of Senior Services, and Rod Moline, in his official capacity as Acting Director of the Division, Appellees.

No. S–12783.

Supreme Court of Alaska.

Dec. 31, 2009.

James J. Davis, Jr. and Goriune Dudukgian, Northern Justice Project, and Kara A. Nyquist, Alaska Pro Bono Program, Anchorage, for Appellants.

David T. Jones, Assistant Attorney General, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

WINFREE, Justice.

## I. INTRODUCTION

Class representatives prevailed in a class action suit concerning state constitutional rights. The pro bono fee agreement between the class representatives and their attorneys provided that the attorneys would be entitled to receive any attorney's fees awarded to the class representatives at the conclusion of the case. The superior court determined that the class representatives were public interest litigants and awarded them attorney's fees by: (1) determining appropriate hourly rates for their pro bono attorneys; (2) multiplying those rates by an appropriate number of attorney hours actually and reasonably expended in connection with the litigation; and (3) then doubling that amount based on a number of considerations, but primarily to encourage pro bono service in similar cases.

We then decided *State v. Native Village of Nunapitchuk*,[1] upholding the validity of an amendment to AS 09.60.010 intended to abrogate attorney's fees awards under our public interest litigation decisions. Based on its reading of *Nunapitchuk* and the statutory amendments, the superior court reconsidered and reduced the attorney's fees award to eliminate the final doubling factor. The class representatives appeal.

We affirm the superior court's reliance on AS 09.60.010(c)(1), which provides that in a

civil action concerning state constitutional rights the court shall generally award a prevailing claimant full reasonable fees. But because it appears the superior court felt constrained in its approach to determining full reasonable fees, we vacate the attorney's fees award and remand for renewed consideration of an award of full reasonable attorney's fees to the class representatives.

## II. FACTS AND PROCEEDINGS

Alaska's Medicaid Home and Community–Based Services Waiver Program (Program) provides long-term health care services to individuals in their homes or communities as an alternative to nursing home placement. In 2004 the Department of Health and Social Services (DHSS) changed the way it determined eligibility for the Program; shortly thereafter, it began terminating newly ineligible participants from the Program. In August 2005 the Northern Justice Project (NJP), representing putative class representatives pro bono, brought suit against DHSS on behalf of disabled, low-income individuals recently terminated from the Program. The class representatives alleged that DHSS had violated the Program recipients' state and federal constitutional due process rights by terminating them from the Program for medical ineligibility without first finding that their medical conditions had materially improved. The class representatives did not seek damages, but asked that former benefit recipients be reinstated to the Program and that no additional benefit recipients be terminated from the Program unless their medical conditions had materially improved.

Superior Court Judge William F. Morse certified the class in January 2006. The next month DHSS stipulated to an injunction prohibiting termination of benefits until it proved, at a "full and fair hearing," that a recipient's medical condition had materially improved since being admitted to the Program. DHSS subsequently restored Program benefits it had already terminated and began developing regulations defining material improvement of medical conditions. In December 2006 the superior court entered final judgment in favor of the class.

---

1. 156 P.3d 389 (Alaska 2007).

In February 2007 the class representatives moved for an award of enhanced attorney's fees in the amount of $120,000, approximately three times what NJP asserted would be actual reasonable fees. The class representatives argued this was appropriate because: (1) the class was a prevailing public interest litigant; (2) NJP stood to receive no compensation beyond court-awarded fees; and (3) the case was "of a type that would make it difficult to attract capable counsel without the potential for enhanced fees."

In support of the fee motion NJP submitted affidavits from two Anchorage attorneys. One attorney stated that in the prevailing Anchorage legal market, reasonable hourly billing rates for the two NJP attorneys would be in the range of $185 to $210 and $235 to $285, respectively. The other attorney placed reasonable hourly billing rates for the two NJP attorneys at "not less than" $200 and $275, respectively. NJP submitted affidavits showing just over 150 hours of billable attorney time in the case and calculated a reasonable fee of $15,780 for one attorney based on an hourly rate of $200 and $21,642.50 for the other based on an hourly rate of $275, for a total of $37,422.50.

In March 2007 the superior court awarded attorney's fees of $67,740, double the amount it concluded would be actual reasonable fees (based on the hourly rates suggested by NJP and the hours the court deemed compensable). The court noted several factors, but stated that "[t]he most compelling justification for an enhancement is the testimony concerning the paucity of attorneys both capable of taking on a case of this type [and] willing to do so on a pro bono basis." DHSS moved for reconsideration, which the superior court granted. Before the superior court

ruled on reconsideration, we issued our decision in *State v. Native Village of Nunapitchuk* upholding an amendment to AS 09.60.010 intended to modify "a policy-based nontextual exception" to Alaska Civil Rule 82 that created special treatment of attorney's fees awards in public interest litigation.[2] The superior court then invited the parties to "revise their filings on the motion for attorney's fees in light of [*Nunapitchuk* ]."

In June 2007 the superior court amended its earlier award, reasoning that its justification for the fee enhancement had been based on the line of cases the amended statute had overturned. The court reduced the award of attorney's fees to $36,570, based on the same hourly rates but with more hours of effort, relying on a new provision of the amended statute, AS 09.60.010(c)(1).[3]

The class representatives appeal, requesting that we reverse the superior court's final fee award and reinstate its original fee award.

## III. STANDARD OF REVIEW

A trial court's award of attorney's fees is generally reviewed for abuse of discretion.[4] An abuse of discretion exists if an award is "arbitrary, capricious, manifestly unreasonable, or the result of an improper motive."[5] Whether the trial court correctly applied the law in determining an award of attorney's fees is a question of law that we review de novo.[6] We use our independent judgment when reviewing issues of statutory interpretation, adopting "the rule of law that is most persuasive in light of precedent, reason, and policy."[7] We interpret statutes "according to reason, practicality, and common sense, taking into account the plain meaning

---

2. *See* 156 P.3d at 391–92.

3. AS 09.60.010 provides in pertinent part:
   (c) In a civil action or appeal concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, the court
   (1) shall award, subject to (d) and (e) of this section, full reasonable attorney fees and costs to a claimant, who, as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or on appeal, has prevailed in asserting the right....

4. *Kellis v. Crites*, 20 P.3d 1112, 1113 (Alaska 2001).

5. *Reid v. Williams*, 964 P.2d 453, 460 n. 17 (Alaska 1998) (quoting *Hughes v. Foster Wheeler Co.*, 932 P.2d 784, 793 (Alaska 1997)).

6. *Glamann v. Kirk*, 29 P.3d 255, 259 (Alaska 2001).

7. *Id.* (quoting *Philbin v. Matanuska–Susitna Borough*, 991 P.2d 1263, 1266 (Alaska 1999)).

and purpose of the law," as well as the drafters' intent.[8]

## IV. DISCUSSION

### A. Attorney's Fees Awards for Public Interest Litigants

Alaska courts award partial attorney's fees to prevailing parties in most civil litigation as a matter of course.[9] Alaska Civil Rule 82(a) specifies that "[e]xcept as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."[10] Subsection (b)(1) provides that a prevailing party shall receive an award of attorney's fees based on a percentage of the money judgment.[11] A prevailing party not recovering a money judgment shall receive an award of attorney's fees under subsection (b)(2) based on a percentage of reasonable actual attorney's fees; the percentage depends on whether the case went to trial.[12] Subsection (b)(3) lists factors that a court may use to vary an attorney's fees award calculated under subsections (b)(1) or (b)(2) of the rule.[13] Factors listed include "the complexity of the litigation," "the length of trial," and "the reasonableness of the attor-

neys' hourly rates and the number of hours expended."[14]

The public interest litigation exception to Rule 82 was first announced in *Gilbert v. State*,[15] the earliest of five cases later expressly overruled, at least in part, by the amended AS 09.60.010.[16] The public interest exception operated both affirmatively, "in that when a public interest litigant prevails it is entitled to an award of full attorney's fees," and protectively, "in that when a public interest litigant is on the losing side of litigation no attorney's fees may be assessed against it."[17] Four useful criteria for public interest litigant status were enunciated in *Kenai Lumber Co. v. LeResche*:[18] (1) Is the case designed to effectuate strong public policies? (2) If the plaintiff succeeds will numerous people benefit from the lawsuit? (3) Can only a private party have been expected to bring the suit? (4) Would the purported public interest litigant have sufficient economic incentive to file suit even if the action involved only narrow issues lacking general importance?[19]

In 2003 the Alaska legislature added subsections (b) through (e) to AS 09.60.010.[20]

---

**8.** See *Native Vill. of Elim v. State*, 990 P.2d 1, 5 (Alaska 1999).

**9.** See *Nunapitchuk*, 156 P.3d at 394.

**10.** Alaska R. Civ. P. 82(a).

**11.** See Alaska R. Civ. P. 82(b)(1); *Reid*, 964 P.2d at 461.

**12.** Alaska R. Civ. P. 82(b)(2).

**13.** Alaska R. Civ. P. 82(b)(3).

**14.** *Id.*

**15.** 526 P.2d 1131, 1136 (Alaska 1974) (holding it was abuse of discretion to award attorney's fees to the State against losing party who in good faith raised question of genuine public interest before the court).

**16.** Chapter 86, §§ 1–4, SLA 2003; *Nunapitchuk*, 156 P.3d at 391–92, 402–06. The four other cases are *Anchorage v. McCabe*, 568 P.2d 986, 990 (Alaska 1977) ("[t]he Gilbert public interest exception to Rule 82 is designed to encourage plaintiffs to bring issues of public interest to the courts."); *Thomas v. Bailey*, 611 P.2d 536, 541 (Alaska 1980) (stating that public interest litigators should not be compensated at the rate pro-

vided for representing indigents, but should instead be fully compensated "at a reasonable rate" to encourage public interest litigation); *Se. Alaska Conservation Council, Inc. v. State*, 665 P.2d 544, 553 (Alaska 1983) (stating that because public interest exception "seeks to encourage the vindication of the public interest, we perceive no reason to distinguish between the public or private character of the defendant in a particular public interest lawsuit"); *Dansereau v. Ulmer*, 955 P.2d 916, 920 (Alaska 1998) (holding that only exceptional circumstances would warrant "apportion[ing] fees by issue and award[ing] fees only for those issues on which the public interest litigant prevailed").

**17.** *Nunapitchuk*, 156 P.3d at 392 n. 2.

**18.** 646 P.2d 215 (Alaska 1982).

**19.** *Id.* at 222–23.

**20.** Chapter 86, §§ 1–4, SLA 2003; *see also Nunapitchuk*, 156 P.3d at 391 n. 1. Former AS 09.60.010 simply provided, in relevant part, that "[t]he supreme court shall determine by rule or order the costs, if any, that may be allowed a prevailing party in a civil action." Former AS 09.60.010. Former AS 09.60.010 became AS 09.60.010(a) after the amendment.

Alaska Statute 09.60.010(b) provides as follows:

> (b) Except as otherwise provided by statute, a court in this state may not discriminate in the award of attorney fees ... in a civil action ... based on the nature of the policy or interest advocated by the party, the number of persons affected by the outcome of the case, whether a governmental entity could be expected to bring or participate in the case, the extent of the party's economic incentive to bring the case, or any combination of these factors.

The four factors detailed in subsection (b) are the *Kenai Lumber* factors determining whether an action constitutes public interest litigation.[21]

■ Alaska Statute 09.60.010(b) was added to "expressly overrule" our public interest litigation decisions "insofar as they relate to the award of attorney fees ... to or against public interest litigants in future civil actions."[22] The legislature was concerned that "[t]he judicially created doctrine respecting the award of attorney fees ... for or against public interest litigants [had] created an unbalanced set of incentives for parties litigating issues that [fell] under the public interest litigant exception," and that "[t]his imbalance [had] led to increased litigation, arguments made with little merit, difficulties in compromising claims, and significant costs to the state and private citizens."[23] The legislature emphasized its concern that "application of the public interest litigant exception [had] resulted in unequal access to the courts and unequal positions in litigation."[24]

*Nunapitchuk* presented a challenge to AS 09.60.010(b).[25] We upheld the validity of the legislation, construed narrowly, stating that although the amendment "abrogates, in part, the public interest litigant exception," it does not modify Rule 82.[26] We concluded that where Rule 82 applies, the amendment "does not preclude consideration of any factors under subsection (b)(3) of Rule 82 that may justify varying attorney's fee awards calculated under subsections (b)(1) and (2)."[27]

## B. The Superior Court's Rulings

The superior court initially (before *Nunapitchuk*) reasoned that as prevailing public interest litigants, the class representatives would be "normally entitled to full reasonable attorney's fees" and, quoting from *City of Kenai v. Friends of Recreation Center, Inc.*,[28] noted that "[v]ictorious public interest litigants receive their full fees from their opponents, rather than the normal partial reimbursement allowed by Alaska Civil Rule 82 'to encourage plaintiffs to raise issues of public interest.'"

The superior court also stated that it found our discussion of fee enhancement in *Municipality of Anchorage v. Gentile*[29] to be "most helpful." There we noted that the purpose of Rule 82 is to partially reimburse prevailing parties for attorney's fees, and that where counsel does not charge hourly fees, a trial court may calculate fees by "(1) determin[ing] the compensable value of the services the attorneys rendered to the class, and (2) apply[ing] Rule 82 to the amount calculated in Step 1 to decide how much [the nonprevailing party] should pay."[30] We held

**21.** *Kenai Lumber*, 646 P.2d at 222–23; *Nunapitchuk*, 156 P.3d at 394–95, 405.

**22.** Chapter 86, § 1(b), SLA 2003.

**23.** *Id.*

**24.** *Id.*

**25.** *Nunapitchuk*, 156 P.3d at 391–92. *Nunapitchuk* arose from two superior court decisions invalidating the amendment to AS 09.60.010 because (1) it purported to change court rules without proper notice or the required two-thirds vote of both houses of the legislature, and (2) it impermissibly impeded access to the courts in violation of state constitutional due process and equal protection rights. *Id.* at 393. The superior courts found the legislation inseverable and invalidated it in its entirety. *Id.* The superior courts thus allowed attorney's fees awards under the public interest litigant exception to Rule 82. *Id.*

**26.** *Id.* at 406.

**27.** *Id.* at 392.

**28.** 129 P.3d 452, 460 (Alaska 2006) (quoting *Se. Alaska Conservation Council*, 665 P.2d at 553).

**29.** 922 P.2d 248 (Alaska 1996).

**30.** *Id.* at 263.

that while awarding enhanced fees runs counter to Rule 82, awards greater than the product of hours worked and hourly rates are not precluded by the Rule, and that trial courts may properly consider factors other than the number of hours worked and hourly rates in determining the value of services under Step 1.[31]

The superior court stated that the NJP attorneys "deserve[ ] an enhancement that reflects the contingency, the lack of a fee from the party, and the efficiencies derived from the class action itself," as well as the lawyers' "bare bones tactics." The superior court also noted that the "most compelling justification for an enhancement" is to encourage pro bono service in similar cases. The superior court therefore doubled what it considered to be actual reasonable fees based on NJP's hours worked and suggested hourly rates. The superior court later reversed itself after considering the *Nunapitchuk* decision. Reasoning that its original order had been based in large part on fee enhancement discussions from the line of cases overturned by AS 09.60.010(b), it decreased the award to "full reasonable attorney fees" (based on the previously approved hourly rates and NJP's hours worked) under AS 09.60.010(c)(1).

### C. Arguments on Appeal

The class representatives argue that in *Nunapitchuk* we concluded AS 09.60.010(b) altered only the public interest litigant exception to Rule 82, and that enhanced fees cases under Rule 82, like *Gentile*, remain good law. They also argue that the legislature did not intend AS 09.60.010(c) to prohibit enhanced fees because the amendment's purpose was "to provide for a more equal footing for parties in civil actions ... by abrogating the special status given to public interest litigants with respect to the award of attorney fees."[32] They contend that if litigants making constitutional claims are barred from receiving enhanced fees, they will not be on "equal footing" with litigants who are not making constitutional claims but who might be entitled to enhanced fees under Rule 82. They request that we reverse the trial court and reinstate its earlier award of attorney's fees.

DHSS points to the language in Rule 82 stating that "*[e]xcept as otherwise provided by law* or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."[33] DHSS argues AS 09.60.010(c)(1) "provides otherwise," requiring courts to award full reasonable attorney's fees to prevailing claimants in civil actions concerning constitutional rights and eliminating the application of Rule 82 to those actions. DHSS further argues that an award of full reasonable attorney's fees "does not include more than the product of the number of hours reasonably spent on the case, multiplied by a reasonable hourly rate."

### D. The Superior Court Did Not Err in Concluding that AS 09.60.010(c)(1) Applies and Provides for Full Reasonable Attorney's Fees in This Case.

We recognized in *Nunapitchuk* that the public interest exception to Rule 82 was substantive law and that AS 09.60.010 was designed to modify it.[34] Alaska Statutes 09.60.010(c) through (e) thus create a substantive fee-shifting framework for constitutional litigation.[35] Subsection (c)(1) provides

---

31. *Id.* at 264–65.

32. Chapter 86, § 1(b), SLA 2003.

33. Alaska R. Civ. P. 82(a) (emphasis added).

34. *Nunapitchuk*, 156 P.3d at 402–04.

35. AS 09.60.010(c) through (e) provide as follows:

    (c) In a civil action or appeal concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, the court

    (1) shall award, subject to (d) and (e) of this section, full reasonable attorney fees and costs to a claimant, who, as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or on appeal, has prevailed in asserting the right;

    (2) may not order a claimant to pay the attorney fees of the opposing party devoted to claims concerning constitutional rights if the claimant as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or appeal did not prevail in asserting the right, the action or appeal asserting the right was not frivolous, and the claimant did not have sufficient economic

that in a civil action concerning a federal or state constitutional right, the court shall generally award full reasonable attorney's fees to a claimant who has prevailed in asserting the right.[36]

We discussed at some length in *Nunapitchuk* the interplay between Rule 82 and substantive fee-shifting statutes like AS 09.60.010(c)(1):

> Alaska has numerous fee-shifting provisions that are intertwined with statutes.[57] We have interpreted such provisions to call for the award of actual reasonable fees, in contrast to the partial reasonable standard employed in Rule 82 cases.[58]

> Intertwined attorney's fee provisions are substantive in character.[59] In cases where they apply, such provisions govern the award of fees rather than Rule 82.[60] Rule 82 itself recognizes this, for it applies "[e]xcept as otherwise provided by law." [61] Rule 82 thus contemplates that fee-shifting provisions imposed by statutes should be followed, rather than the system encompassed by the procedural rule.[62]

---

57. *See, e.g.,* AS 09.38.095(a) (violations of exemption act); AS 09.60.070 (civil actions by victims of violent crimes); AS 23.10.110(c) (wage and hour claims); AS 23.20.470(a) (appeals by unemployment compensation claimants); AS 25.30.500(a) (actions arising under Uniform Child Custody Jurisdiction & Enforcement Act—a two-way fee-shifting provision); AS 34.03.300 (actions arising out of the Uniform Residential Landlord & Tenant Act—a two-way provision awarding fees to the prevailing party);

incentive to bring the action or appeal regardless of the constitutional claims involved.

(d) In calculating an award of attorney fees and costs under (c)(1) of this section,

(1) the court shall include in the award only that portion of the services of claimant's attorney fees and associated costs that were devoted to claims concerning rights under the United States Constitution or the Constitution of the State of Alaska upon which the claimant ultimately prevailed; and

(2) the court shall make an award only if the claimant did not have sufficient economic incentive to bring the suit, regardless of the constitutional claims involved.

(e) The court, in its discretion, may abate, in full or in part, an award of attorney fees and

AS 46.03.763 (state actions to impose penalties for discharge of oil).

58. *Bobich v. Stewart,* 843 P.2d 1232, 1238 n. 9 (Alaska 1992) (interpreting one-way fee-shifting provision of the Alaska Wage and Hour Act contained in AS 23.10.110(c) to require an award of full reasonable fees to the prevailing plaintiff and recognizing that the objective of such an award "is to encourage employees to press wage-and-hour claims"); *Rosson v. Boyd,* 727 P.2d 765, 767 (Alaska 1986) (purpose of one-way fee-shifting provision contained in AS 34.35.005(b) relating to mechanic's liens is to enable claimants "to recover judgments that would otherwise be too small to justify the expense of a lawsuit and an appeal"); *see also Vazquez v. Campbell,* 146 P.3d 1 (Alaska 2006).

59. *See Grimes v. Kinney Shoe Corp.,* 938 P.2d 997, 1002 (Alaska 1997) (intertwined cost provision in state statute part of the substantive remedy).

60. *See* cases cited *supra* note 58. *See also Ferdinand v. City of Fairbanks,* 599 P.2d 122, 125 (Alaska 1979) (federal civil rights actions in state court are governed by 42 U.S.C. § 1988 rather than Civil Rule 82):

> The purpose of Rule 82 is to partially compensate a prevailing party for the expenses incurred in winning his case. It is not intended as a vehicle for accomplishing anything other than providing compensation where it is justified. In comparison, the explicit purpose of the fee shifting provision in the federal statute, 42 U.S.C. § 1988, is to encourage meritorious claims which might not otherwise be brought.

*Still v. Cunningham,* 94 P.3d 1104, 1116–17 (Alaska 2004) (provision of the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(d), rather than Rule 82 governed award of fees where a violation of the federal act was established as an affirmative defense); *Hayer v. Nat'l Bank of*

costs otherwise payable under (c) and (d) of this section if the court finds, based upon sworn affidavits or testimony, that the full imposition of the award would inflict a substantial and undue hardship upon the party ordered to pay the fees and costs or, if the party is a public entity, upon the taxpaying constituents of the public entity.

36. *Id.* Subsections (c)(2), (d), and (e) are not at issue in this case and we express no opinion on their validity or application or on related implications arising from the fact that Chapter 86, SLA 2003, was not passed by a two-thirds vote of the members of each house. *See Nunapitchuk,* 156 P.3d at 391–92, 404–05.

*Alaska,* 619 P.2d 474, 476 (Alaska 1980) (award of fees under the Federal Truth and Lending Act, 15 U.S.C. § 1640(a)(3), should have been made in favor of debtors who established a violation of the act and were entitled to a partial set-off).

61. Alaska R. Civ. P. 82(a).

62. *See, e.g., Vazquez,* 146 P.3d at 2 n. 4 ("Civil Rule 82(a) itself provides that statutory attorney's fees are to be awarded in preference to those prescribed under the rule....").[37]

■ We therefore agree, in part, with DHSS. Under AS 09.60.010(c)(1) the class representatives are entitled to an award of full reasonable attorney's fees for prevailing on their constitutional claims in this case; neither Rule 82 nor the previous public interest litigation exception to Rule 82 governs the award of attorney's fees to the class representatives.

We disagree with DHSS's contention that full reasonable attorney's fees under AS 09.60.010(c)(1) may only be determined as the product of reasonable hourly rates and the actual reasonable hours worked. The only authority cited by DHSS is *Bobich v. Hughes,*[38] but all we held in that case is that the trial court did not abuse its discretion in its award of full reasonable attorney's fees under an applicable attorney's fees statute.[39]

37. 156 P.3d at 403.

38. 965 P.2d 1196 (Alaska 1998).

39. *Id.* at 1200–01.

40. *Id.* at 1200.

41. *Id.*

42. *Id.*

43. *Id.* at 1201.

44. *Gentile,* 922 P.2d at 263.

45. *Id.* at 263 n. 20 (stating this principle in the context of determining the reasonable value of legal services for the application of Rule 82 percentages).

46. *See Valdez Fisheries Dev. Ass'n, Inc. v. Froines,* 217 P.3d 830, 833 (Alaska 2009) (*Froines III* ) (stating that "[c]ourts often approach the question [of objective reasonableness of fees] by determining whether the hourly rate charged was

The trial court had: (1) declined a request for an enhanced fee award because the "attorney had unnecessarily complicated the case";[40] (2) multiplied the attorney hours spent on the relevant issues by what it found to be a reasonable hourly rate;[41] and (3) then reduced that amount to account for the attorney's behavior and vague billing records.[42] We concluded that the trial court acted within its discretion in determining full reasonable attorney's fees.[43]

■ We have never held that reasonable attorney's fees, regardless of context, may be calculated only by multiplying reasonable hourly rates by actual reasonable hours worked, and AS 09.60.010(c)(1) does not suggest any such limitation. " 'Actual' fees are those the party agrees to pay its lawyer,"[44] but when attorneys charge an unusually low fee or no fee at all except that which might be awarded by the court, the proper approach to determining actual reasonable fees is to objectively value the attorney's services.[45] That might be accomplished simply by multiplying reasonable hourly rates by the actual reasonable hours worked,[46] or in an appropriate context, by further considering value-enhancing factors such as risk premiums and encouraging representation in similar cases.[47] In another appropriate con-

reasonable and whether the number of hours worked was reasonable," and noting that Rule 82(b)(3) factors "may be helpful in assessing whether the number of hours claimed is reasonable"); *Thomas v. Bailey,* 611 P.2d 536, 541–42 (Alaska 1980) (stating in public interest litigation context that "generally, full compensation at a reasonable rate per hour will prove adequate," and noting that "many of the same factors used as a guide in determining the fee an attorney should charge a client are applicable" [referring to factors now found in Alaska Bar R. 35]). Ch. 86, SLA 2003, overruled *Thomas* in part by abrogating the public interest litigant doctrine, but the discussion in *Thomas* relating to calculating full reasonable attorney's fees remains valid in the context of fee awards for constitutional claims.

47. *Gentile,* 922 P.2d at 264–65; *State, Dep't Health & Soc. Servs. v. Okuley,* 214 P.3d 247, 250 n. 10 (Alaska 2009); *see also Era Aviation, Inc. v. Lindfors,* 17 P.3d 40, 51 (Alaska 2000) ("This court has affirmed lodestar or risk-enhanced fees only in exceptional circumstances, when there was a strong public interest involved, or the attorneys stood to receive no compensation other

text, that might instead be accomplished by a common fund analysis.[48] But in every context, a court should carefully consider all factors relevant to reasonableness.[49]

Chapter 86, SLA 2003, particularly AS 09.60.010(b),[50] was intended to abrogate our judicially created public interest litigation framework that provided a certain category of litigants with either full reasonable attorney's fees or protection against adverse fee awards.[51] But nothing suggests that the legislature intended AS 09.60.010(b) to restrict a court's discretion in calculating full reasonable attorney's fees for an award under AS 09.60.010(c)(1). Indeed the legislative history reflects a consensus that successful constitutional claimants were to continue being treated in the same general manner as successful public interest litigants.

It is not clear from the record that the superior court recognized it was not constrained to use the simple mathematical model of reasonable rates times reasonable hours worked to determine full reasonable attorney's fees in this case. We therefore vacate the award and remand for the superior court to consider an award of full reasonable attorney's fees for the class representatives consistent with this opinion. We do not mean to suggest that the superior court may not, in its discretion, reach the same conclusion it reached in its second fee award. But its ultimate conclusion should be reached only after express consideration of all factors relevant to a determination of full reasonable fees for a claimant who prevails on constitutional claims.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's decision that the class representatives are entitled to an award of full reasonable attorney's fees under AS 09.60.010(c)(1), but VACATE the actual award and REMAND for further consideration of an award of full reasonable attorney's fees.

than the fees granted by the court.") (citing *Gentile*, 922 P.2d at 265 (consideration of risk-enhanced fees in class action); *Wise Mech. Contractors v. Bignell*, 718 P.2d 971, 975 (Alaska 1986) (affirming fee award greater than product of hours and reasonable rate when justified by complexity and novelty of case, benefit to plaintiff, and contingent nature of counsel's right to compensation); and *Thomas*, 611 P.2d at 539, 541–43 (denying risk-enhanced fees) ).

48. *Gentile*, 922 P.2d at 265–66; *Okuley*, 214 P.3d at 250 n. 10.

49. *Okuley*, 214 P.3d at 251 n. 13 (noting factors, generally encompassed by Alaska Bar Rule 35, that may be considered). *See also Froines III*, 217 P.3d at 833 n. 17 (noting Rule 82(b)(3)

factors may be helpful in assessing reasonableness).

50. AS 09.60.010(b) provides:

Except as otherwise provided by statute, a court in this state may not discriminate in the award of attorney fees and costs to or against a party in a civil action or appeal based on the nature of the policy or interest advocated by the party, the number of persons affected by the outcome of the case, whether a governmental entity could be expected to bring or participate in the case, the extent of the party's economic incentive to bring the case, or any combination of these factors.

51. *Nunapitchuk*, 156 P.3d at 389.