**SOUTHEAST ALASKA CONSERVATION COUNCIL and Tongass Conservation Society, Appellants,**

v.

**STATE of Alaska and University of Alaska, Appellees.**

**No. S–13159.**

Supreme Court of Alaska.

July 17, 2009.

---

Before: CARPENETI, Chief Justice,
MATTHEWS, Senior Justice,* and
EASTAUGH and FABE, Justices.

### Order

Appellants Southeast Alaska Conservation Council and Tongass Conservation Society (referred to collectively as SEACC), having moved for full-court reconsideration of the individual justice order awarding them prevailing party attorney's fees on appeal in the amount of $1,000, and the State and the University of Alaska having filed an opposition,

IT IS HEREBY ORDERED that full-court reconsideration is GRANTED and SEACC is awarded full reasonable fees on appeal in the amount of $54,634.75. SEACC successfully argued on appeal that Senate Bill 7 and House Bill 130 dedicated revenue to the University of Alaska in violation of article IX, section 7 of the Alaska Constitution. SEACC is thus entitled to full reasonable attorney's fees under AS 09.60.010(c)(1), which directs that the court "shall award" full fees for an "appeal concerning the establishment, protection, or enforcement of a right under the ... Constitution of the State of Alaska." Because the constitutional challenge was the sole claim in SEACC's appeal, there is no need to apportion the costs and fees to determine the amount associated with their successful constitutional claim. SEACC is a non-profit organization, as is Tongass Conservation Society, and neither entity had an economic incentive to bring this action.

The State's argument that our decision in this appeal, which was based on the dedicated funds clause of the Alaska Constitution, did "not establish a constitutional right within the scope of AS 09.60.010(c)" is unpersuasive. The State unconvincingly attempts to distinguish between an appeal that seeks establishment, protection, or enforcement of a constitutional right and one in which "a person is merely seeking to have a constitutional question answered or a constitutional interpretation rendered." In order to establish, protect, or enforce a constitutional right in any case of first impression, a party necessarily will seek a constitutional interpretation or request the court to answer a constitutional question.

Moreover, the State's attempt to distinguish between appeals that raise constitutional claims and those that seek enforcement of constitutional rights falters when the deliberations over the enactment of AS 09.60.010(c) are examined. In response to a question from Representative Kerttula, Senator Therriault explained that only "cases that made *no constitutional claim* could no longer be considered for public interest litigant status." (Emphasis added.) It does not appear that the legislature made any attempt to distinguish between constitutional "rights" and "claims" for purposes of this attorney's fee provision. As Superior Court Judge Philip M. Pallenberg correctly observed when he rejected the State's argument on this issue in the superior court:

> [T]he court finds no basis, either in the Constitution or in AS 09.60.010, for distinguishing between constitutional provisions that create individual rights and constitutional provisions that protect important rights of the public. If the constitution imposes a duty or limitation on the power of government, any plaintiff having standing to enforce that duty or limitation can be said to have a right to do so.

The University of Alaska opposes the request for full attorney's fees on the separate ground that SEACC and the University each represented a "different facet" of the public interest and each invoked a different constitutional provision to protect that interest. Thus, according to the University, "[i]t would be inequitable to require the University to pay fees for SEACC, when both parties played essentially identical roles in presenting alternate views of the constitution" in this appeal. But if this argument were valid, the government would always be able to escape payment of attorney's fees in the face of a successful constitutional challenge by arguing that it was simply presenting an alternative

---

* Sitting pro tem by special order of the Chief Justice.

view of the constitution in pursuit of the public interest.

Entered at the direction of the court.

WINFREE, Justice, not participating.