*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CITY OF KODIAK,<br><br>    Appellant,<br><br> v.<br><br>KODIAK PUBLIC BROADCASTING<br>CORPORATION,<br><br>    Appellee. | Supreme Court No. S-16598<br><br>Superior Court No. 3KO-15-00277 CI<br><br>O P I N I O N<br><br>No. 7291 – September 14, 2018 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kodiak, Steve W. Cole, Judge.

Appearances: Holly C. Wells and Katie S. Davies, Birch Horton Bittner & Cherot, and Brooks W. Chandler, Boyd, Chandler & Falconer, LLP, Anchorage, for Appellant. Steven P. Gray, Law Office of Steven P. Gray, A.P.C., Kodiak, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

STOWERS, Chief Justice.

## I. INTRODUCTION

After prevailing against the City of Kodiak on a Public Records Act claim, Kodiak Public Broadcasting Corporation (known by the call letters of its radio station, KMXT) was awarded full attorney's fees under AS 09.60.010(c)(1), which provides for attorney's fees to a claimant who prevails in asserting, protecting, or enforcing a

constitutional right. The City appeals that fee award, arguing that KMXT's claim was statutory rather than constitutional, that the award included fees which were not necessarily and reasonably incurred, and that the award erroneously included municipal sales tax on attorney's fees. We agree that the court erred in granting KMXT full attorney's fees as a constitutional claimant. We therefore reverse the superior court's award of attorney's fees and remand for a fee award pursuant to Alaska Civil Rule 82 instead. We also agree that it was error to include sales tax in the fee award, and direct the superior court on remand to exclude sales tax from its revised fee award. On remand, the superior court should also address the City's objections to particular billing entries and must exclude fees incurred for any legal work that the court finds was duplicative, unnecessary, or not reasonably related to the litigation.

## II. FACTS AND PROCEEDINGS

### A. The Public Records Request

This case arises from the aftermath of a September 2015 incident in which the Kodiak Police Department responded to a report of attempted theft from a vehicle. During that incident an officer used pepper spray in the course of detaining the suspect. No arrest was made and no charges were filed against the suspect. The incident garnered significant attention in the local community and media as reports suggested the suspect — who apparently is autistic — was detained with excessive force. The City initiated an internal investigation of the incident.

A few days after the incident, KMXT wrote to the City asking for the release of "all public records . . . generated in connection with [the incident]" pursuant to the Alaska Public Records Act.[1] The City responded that it was processing the request and asked that KMXT fill out a formal request form, which KMXT did. The City denied

---

[1]     AS 40.25.100-.295.

the request in early October, asserting that the records were exempt from disclosure under Kodiak City Code 2.36.060(e)[2] because they "constitute[d] law enforcement records regarding a pending investigation" and because disclosure would "result in an invasion of privacy rights." However, the City also stated that it expected most of the requested records would be subject to disclosure upon the completion of the City's internal investigation. KMXT then requested a target date for production of the records; in late October the City again replied that the records would be released when the investigation was complete, which it anticipated could take up to 60 days.

## B.    Initial Superior Court Proceedings

In November KMXT filed a complaint seeking injunctive relief pursuant to AS 40.25.125,[3] as well as costs and attorney's fees. KMXT sought to compel the City to (1) provide a list of withheld records and the claimed exception for each; (2) explain for each withheld record how its disclosure would impede the City's investigation or invade someone's privacy rights; (3) file the disputed records in camera for the court to review the City's claimed exemptions; and (4) release all requested records that were not exempt from disclosure. The City's answer asserted the enforcement-proceeding and privacy exemptions as affirmative defenses.

---

[2]     Kodiak City Code 2.36.060(e) mirrors AS 40.25.120(a)(6), which exempts from disclosure law enforcement records the release of which "could reasonably be expected to interfere with enforcement proceedings" or "could reasonably be expected to constitute an unwarranted invasion of the personal privacy of a suspect, defendant, victim, or witness."

[3]     AS 40.25.125 provides that "[a] person having custody or control of a public record . . . may be enjoined by the superior court from denying, obstructing, or attempting to obstruct, the inspection of public records subject to inspection under AS 40.25.110 or 40.25.120."

Before the City filed its answer, KMXT filed a "Motion to Require Immediate Compliance with Public Records Act" seeking to compel the City to immediately produce three chest camera videos the City had identified in a privilege log on the grounds that the City had failed to articulate any factual basis for its claimed exemptions. The City opposed the motion, arguing that disclosure would violate the privacy of the individuals involved, interfere with the due process rights of the KPD officers under investigation, and undermine the integrity of its "ongoing investigation and enforcement action." KMXT's reply argued that the City had not met the burden of proof to support its claimed exemptions because it failed to produce supporting affidavits or other evidence, in camera or otherwise; that there was no merit to the City's invasion-of-privacy argument because the identity of the suspect was already public knowledge; and that the claimed law enforcement exemption was without merit because the City was not conducting a criminal investigation and had not identified how disclosure would interfere with the City's internal investigation.

On December 22 the superior court issued an order granting KMXT's compliance motion because the City had failed to make the required showing to establish either of its asserted exemptions. The court ordered the City to "immediately, but by absolutely no later than December 31, 2015, release to KMXT the three chest-cam videos." The City issued a press release on December 29 announcing its intention to release the chest camera videos by December 31. The press release also announced that the City would release all requested police reports, audio recordings, and videos related to the September incident because they had all been withheld on the basis of the same exemptions the superior court had rejected. On December 31 the City released all public records requested by KMXT and others relating to the incident.

On the day after the City's press release, and the day before its release of the records, KMXT filed a motion for order to show cause, arguing that the City's

decision to release the requested videos on December 31 rather than sooner violated the court's order to release the videos "immediately," and requesting a contempt hearing. The City argued in response that it fully complied with the order when it released the videos by the order's December 31 deadline. The court denied the motion, reasoning that "while the court told the City to release the items 'immediately,' it also said 'by absolutely no later than Dec[ember] 31, 2015,' and the City met that deadline."

## C. Continuing Litigation

In March 2016 the City sought to dismiss the case, arguing that KMXT had received the relief sought in the complaint and that no issues remained to be litigated. The parties litigated this issue through motion practice for more than two months.[4] After a trial scheduling conference in June, the parties reached a consensus that all that remained in the case was for KMXT to seek a declaratory judgment and attorney's fees. The City and KMXT stipulated to an entry of declaratory judgment in KMXT's favor. The court issued a judgment incorporating by reference its December 22, 2015 order without further explanation, named KMXT the prevailing party, and ordered that any request for attorney's fees should be submitted within ten days.

KMXT filed a timely request for $24,312.50 in attorney's fees incurred through June 2016, "at least $625" for additional fees incurred in preparing the attorney's fees motion, and $315 in City of Kodiak sales tax.[5] KMXT claimed that because Alaska case law has characterized a citizen's access to public records as a

---

[4] Sometime in March 2016 KMXT also propounded discovery requests on the City, seeking information and admissions relating to the City's decision whether to release the public records, the factual basis for its claimed exemptions, and its efforts to comply with the December 22 court order.

[5] KMXT also requested costs of $200 for the initial filing fee, pursuant to Alaska Civil Rule 79.

fundamental right, KMXT was entitled to full reasonable attorney's fees under AS 09.60.010(c)(1) for prevailing in an action enforcing a constitutional right. The City opposed the request; it conceded that KMXT was entitled under Rule 82 to 20% of fees reasonably and necessarily incurred, but it objected to granting full fees under AS 09.60.010(c)(1) on the grounds that KMXT's claims were statutory, not constitutional. The City also argued that because KMXT effectively "won" its case when the court rejected the City's claimed exemption on December 22, 2015, the majority of fees and costs incurred after that date were not necessary.

KMXT maintained in its reply that all the fees incurred and requested were reasonable and necessary, and it reasserted its claim for full attorney's fees as the prevailing party in an action concerning a constitutional right. In the alternative, KMXT argued that equitable factors, including the significance of the matter and the City's alleged bad-faith litigation, warranted deviating from Rule 82's standard 20% rate.

The court granted KMXT's motion without elaboration, awarding KMXT "full attorney's fees of $24,627.50" pursuant to AS 09.60.010, explicitly including $315 in sales tax.[6] The court did not craft an alternative award under Rule 82 as KMXT requested. The City appeals only the amount of the fee award, and does not appeal either the declaratory judgment or the superior court's prevailing-party determination.

---

[6] The court granted KMXT's request for Rule 79 costs in a separate order, but appears to have rejected KMXT's request for additional fees incurred in preparing the motion for attorney's fees; the fee award corresponds exactly to the fees KMXT documented through June 2016 plus sales tax, and the court did not indicate that any additional fees would be recoverable.

## III. STANDARD OF REVIEW

We review an award of attorney's fees, including whether particular fees should be included in the award, for abuse of discretion.[7] An abuse of discretion "exists if an award is arbitrary, capricious, manifestly unreasonable, or improperly motivated."[8] But "[w]e review de novo whether the superior court correctly applied the law in awarding attorney's fees."[9] "Interpretation of AS 09.60.010 is a question of law to which we apply our independent judgment."[10] When deciding legal questions, "we will adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[11]

## IV. ANALYSIS

### A. It Was Error To Grant Full Attorney's Fees Under AS 09.60.010 Because KMXT Did Not Assert A Constitutional Claim.

The City's main point on appeal is that the superior court "erred in ruling that KMXT asserted a constitutional claim, and was, therefore, entitled to full attorney's fees." Phrased differently, the primary issue is whether it was error to award full attorney's fees under AS 09.60.010, rather than awarding partial fees under Civil Rule 82. We conclude that it was, because KMXT did not assert a constitutional claim.

---

[7] *See Riddle v. Lanser*, ___ P.3d ___, Op. No. 7235 at 14, 2018 WL 1661600, at *7 (Alaska Apr. 6, 2018).

[8] *Id.* (quoting *Fernandes v. Portwine*, 56 P.3d 1, 4-5 (Alaska 2002)).

[9] *Brandner v. Pease*, 361 P.3d 915, 920 (Alaska 2015) (alteration in original) (quoting *Dearlove v. Campbell*, 301 P.3d 1230, 1233 (Alaska 2013)).

[10] *Alaska Conservation Found. v. Pebble Ltd. P'ship*, 350 P.3d 273, 279 (Alaska 2015) (citing *Krone v. State, Dep't of Health & Soc. Servs.*, 222 P.3d 250, 252-53, 257-58 (Alaska 2009)).

[11] *Lake & Peninsula Borough Assembly v. Oberlatz*, 329 P.3d 214, 221 (Alaska 2014) (quoting *Soules v. Ramstack*, 95 P.3d 933, 936-37 (Alaska 2004)).

Alaska Statute 09.60.010(c)(1) provides that

[i]n a civil action or appeal concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, the court . . . shall award, subject to [certain limitations], full reasonable attorney fees and costs to a claimant, who, as plaintiff, counterclaimant, cross claimant, or third-party plaintiff in the action or on appeal, has prevailed in asserting the right.[12]

The parties do not dispute the superior court's determination that KMXT was the prevailing party. Instead, they dispute whether KMXT's action seeking injunctive relief under the Public Records Act "concern[ed] the establishment, protection, or enforcement of a [constitutional] right."[13]

The City argues that the superior court erred in finding that KMXT prevailed in asserting a constitutional claim because KMXT's complaint alleged violations only of the Public Records Act and Kodiak City Code 2.36.060. But KMXT contends that we and the Alaska Legislature have characterized access to public records as a "fundamental right,"[14] and that because KMXT successfully asserted and enforced

---

[12]     "Alaska Statute 09.60.010 was enacted to abrogate our previous common law public interest litigation attorney's fees framework and replace it with a narrower constitutional litigation framework." *Alaska Conservation Found.*, 350 P.3d at 274. AS 09.60.010(c) has two parallel provisions:  subsection (1) provides full reasonable attorney's fees to a plaintiff who prevails on a constitutional claim; subsection (2) protects a plaintiff who brings an unsuccessful constitutional claim from an adverse attorney's fee award so long as the constitutional claim was not frivolous.

[13]     AS 09.60.010(c).

[14]     *See City of Kenai v. Kenai Peninsula Newspapers, Inc.*, 642 P.2d 1316, 1323 (Alaska 1982) ("In balancing the [applicable] interests . . . the scales must reflect the fundamental right of a citizen to have access to the public records as contrasted with

(continued...)

"the public's right to access government information" the superior court correctly determined that AS 09.60.010(c)(1) applied. KMXT argues that it is irrelevant that the court ruled on the basis of the Public Records Act rather than the Alaska Constitution because "[t]he applicability of AS 09.60.010(c) is determined by the source of the right asserted[,] not the source of the rule of law." But the superior court did not rule on whether the right to public records derives from the constitution, and it was not asked to do so. The question before us is not whether a constitutional right to public records exists, but rather whether KMXT asserted a claim "concerning the establishment, protection, or enforcement" of a constitutional right.[15]

In *State v. Jacob* we reversed an award of full attorney's fees under AS 09.60.010(c)(1) because we concluded that the prevailing party did not assert a constitutional claim.[16] That case involved an action for declaratory and injunctive relief against the Office of Children's Services for failing to provide the Jacobs with statutorily required notice of their grandchildren's child-in-need-of-aid and permanency proceedings.[17] In an initial appeal we held that the Jacobs were entitled to a declaratory

---

[14]     (...continued)
the incidental right of the [government] agency to be free from unreasonable interference." (quoting *MacEwan v. Holm*, 359 P.2d 413, 421-22 (Or. 1961) (en banc))); ch. 200, § 1, SLA 1990 ("[P]ublic access to government information is a fundamental right that operates to check and balance the actions of elected and appointed officials and to maintain citizen control of government."); *see also Gwich'in Steering Committee v. Office of the Governor*, 10 P.3d 572, 578 (Alaska 2000) ("The right of citizen access to public records has been characterized as a 'fundamental right.' " (citing these same sources)).

[15]     AS 09.60.010(c).

[16]     *State v. Jacob* (*Jacob II*), 214 P.3d 353, 360-61 (Alaska 2009).

[17]     *Id.* at 356; *Jacob v. State, Dep't of Health & Soc. Servs., Office of*
(continued...)

judgment acknowledging OCS's failure to comply with the statutory requirement.[18] We also observed that "notice of proceedings and a meaningful right to be heard are essential to due process" but did not address this issue further because "the Jacobs never sought a declaration specifically regarding their due process rights."[19] On remand, the superior court issued a declaratory judgment and awarded the Jacobs full fees under AS 09.60.010(c)(1), with an alternative award of enhanced fees under Rule 82.[20] We affirmed the prevailing party determination but reversed the award of full fees under AS 09.60.010(c)(1).[21] We held that although they were the prevailing party, the Jacobs had not prevailed in asserting a constitutional right "because they did not make a due process claim in their complaint."[22] We therefore vacated the portion of the order granting full fees, but we affirmed the alternative award of enhanced Rule 82 fees as within the superior court's discretion.[23]

In short, *State v. Jacob* held that "asserting" a constitutional right for purposes of AS 09.60.010(c) means making a claim on the basis of that right in a

---

[17]    (...continued)
*Children's Servs.* (*Jacob I*), 177 P.3d 1181, 1184 (Alaska 2008).

[18]    *Jacob I*, 177 P.3d at 1186.

[19]    *Id*. at 1185.

[20]    *Jacob II*, 214 P.3d at 357-58.

[21]    *Id.* at 360-61.

[22]    *Id.* at 360. "Where no party has properly raised a constitutional claim, an award of fees under AS 09.60.010(c) is not appropriate." *Id.* at 360-61.

[23]    *Id.* at 362-63.

complaint or other claim for relief.[24]  Like the Jacobs, KMXT did not raise a constitutional claim in its complaint, which cited no provisions of either the state or federal constitutions and no court opinions analyzing a constitutional provision.  Rather, KMXT asserted a statutory right seeking injunctive relief under the Alaska Public Records Act, and it prevailed entirely on statutory grounds.[25]  The first time KMXT asserted that its claim was constitutional in nature was in its motion for attorney's fees.  Because KMXT's Public Records Act claim was statutory and because KMXT did not raise a constitutional claim in its complaint, we conclude that KMXT — although it was the prevailing party — did not prevail in asserting a constitutional right.  It was therefore legal error to award KMXT full attorney's fees under AS 09.60.010(c)(1).

The City asks us to reverse the award of full attorney's fees and to require the City to pay only 20% of KMXT's reasonable attorney's fees under Rule 82(b)(2).

---

[24]  *Id.* at 360-61; *cf. Krone v. State, Dep't of Health & Soc. Servs.*, 222 P.3d 250, 251-52, 258 (Alaska 2009) (affirming award of full attorney's fees under AS 09.60.010(c) where plaintiffs prevailed on claim that DHSS violated their state and federal due process rights); *Southeast Alaska Conservation Council v. State*, 211 P.3d 1146, 1147 (Alaska 2009) (awarding full attorney's fees on appeal under AS 09.60.010(c) where appellants prevailed in challenging unconstitutional dedications of revenue).

[25]  *Cf. All. of Concerned Taxpayers, Inc. v. Kenai Peninsula Borough*, 273 P.3d 1128, 1138-39 (Alaska 2012) (reversing the determination that plaintiffs who unsuccessfully sought to enforce a ballot initiative were constitutional claimants and thus protected from an adverse attorney's fee award by AS 09.60.010(c)(2) because the right at issue was "statutory rather than constitutional . . . even though an analysis of the limitations [of that right] necessitates an analysis of constitutional case law.").  In *Alliance of Concerned Taxpayers* the plaintiffs "ask[ed] this court to conclude that '[a]ll municipal initiative cases should be treated as . . . arising under the Constitution of Alaska,' " but we declined to do so.  *Id.* at 1139 (second and third alterations in original).  KMXT is effectively asking the same for all Public Records Act cases, and we decline that invitation as well.

But KMXT sought an alternative enhanced attorney's fee award under Rule 82(b)(3) and maintains on appeal that full fees are available under that provision.[26] We "ordinarily ha[ve] broad authority to affirm a trial court's ruling on any legal theory established in the appellate record," but this authority does not extend "to new theories that would normally be resolved by discretionary powers traditionally reserved for trial courts."[27] "[The] trial court has broad discretion to award Rule 82 attorney's fees in amounts exceeding those prescribed by the schedule of the rule, so long as the court specifies in the record its reasons for departing from the schedule."[28] Because the superior court did not specify any reasons for a variation in this case, we cannot uphold the award of full attorney's fees on the alternative basis of Rule 82, and we therefore reverse the superior court's attorney's fee award. Because variation of attorney's fees is a discretionary power reserved to the superior court, we remand for the superior court to craft an appropriate award of attorney's fees pursuant to Rule 82. On remand, any deviation from the standard fee schedule must be accompanied by an explanation of the factors justifying such a deviation.

**B.** **Rule 82 Does Not Authorize Awarding Sales Tax On Attorney's Fees.**

The City argues that the superior court erred in including municipal sales tax in the award of attorney's fees to KMXT. We agree. In *Long v. Arnold*, we held that

---

[26] Rule 82(b)(3) allows the superior court to vary an attorney's fee award from the default amount specified by subsection (b)(2) if, upon consideration of listed equitable factors, the court determines that such a variation is warranted.

[27] *Vaska v. State*, 135 P.3d 1011, 1019 (Alaska 2006).

[28] *Alaskasland.com, LLC v. Cross*, 357 P.3d 805, 826 (quoting *Johnson v. Johnson*, 239 P.3d 393, 400 (Alaska 2010)).

a Rule 82 award may not include municipal sales tax on attorney's fees.[29] It was therefore legal error to include sales tax in KMXT's fee award,[30] and the superior court on remand must exclude municipal sales tax from its revised fee award.

## C. On Remand, The Superior Court's Rule 82 Award Must Exclude Fees Incurred For Work That Is Duplicative, Unnecessary, Or Frivolous.

Finally, the City argues that the superior court erred in awarding KMXT attorney's fees that not necessarily were incurred. Rule 82 provides that the prevailing party in a case like this — where the case was resolved without trial and without a money judgment — is entitled to "20 percent of its actual attorney's fees *which were necessarily incurred*."[31] "[T]o the extent that work performed is duplicative and unnecessary, it should not be considered in determining a proper award under Civil Rule 82."[32]

The attorney's fees the City objects to fall into two general categories: (1) fees incurred in relation to KMXT's December 30, 2015 motion for an order to show cause, which the City contends was frivolous; and (2) fees incurred after December 31, 2015, when the City contends KMXT's claims were mooted by the City's release of all

---

[29] 386 P.3d 1217, 1223-24 (Alaska 2016). Although *Long* was decided several months after the parties' filings on the motion for attorney's fees (specifically, on December 16, 2016), it was decided nine days *before* the superior court issued its attorney's fee award and *Long* was therefore governing law at the time.

[30] KMXT correctly notes that the City raises this argument for the first time on appeal and that the issue should be considered waived. However, because we have already concluded that the fee award must be reversed and remanded for the reasons explained in Part IV.A above, it would make no difference if we considered the issue waived: either way, the superior court's revised fee award on remand must comply with our holding in *Long* and exclude sales tax.

[31] Alaska R. Civ. P. 82(b)(2) (emphasis added).

[32] *Tenala, Ltd. v. Fowler*, 993 P.2d 447, 452 (Alaska 1999) (quoting *Alaska State Fed'n of Labor v. State, Dep't of Labor*, 713 P.2d 1208, 1212 (Alaska 1986)).

requested records. The City raised essentially the same objections before the superior court but the court did not address them, instead awarding KMXT the full amount of fees it requested under AS 09.60.010(c)(1). On remand, the superior court should address the City's objections and parse KMXT's requested fees to determine which fees were necessarily and reasonably incurred and which were not. To the extent the court finds that any legal work performed on KMXT's behalf was duplicative, unnecessary, or not reasonably related to the litigation, fees incurred in relation to that work must be excluded from KMXT's fee award.[33]

## V. CONCLUSION

We REVERSE the superior court's attorney's fee award and REMAND for an award of attorney's fees under Rule 82 consistent with this opinion.

---

[33] *See id.* (vacating in part an attorney's fee award and remanding for consideration of whether specific billing entries were "reasonably related to the litigation").