NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DANIEL K. DONKEL, and SAMUEL H. CADE, | ) ) Supreme Court No. S-19141 |
| | ) |
| Appellants, | ) Superior Court No. 3AN-22-07820 CI |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) AND JUDGMENT* |
| STATE OF ALASKA, DEPARTMENT OF NATURAL RESOURCES, | ) ) No. 2101 – August 13, 2025 |
| | ) |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jack R. McKenna, Judge.

Appearances:  Colleen J. Moore and Michael Jungreis, Reeves Amodio, LLC, Anchorage, for Appellants.  Trevor J. Consoliver, Assistant Attorney General, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before:  Carney, Chief Justice, and Borghesan, Henderson, Pate, and Oravec, Justices.

I.    **INTRODUCTION**

Two owners of oil and gas leases in northern Alaska challenged the State's denial of their request for data pertaining to nearby oil and gas wells.  After prevailing in their administrative appeal, they sought full attorney's fees under AS 09.60.010(c),

---

\*        Entered under Alaska Appellate Rule 214.

which allows parties who bring successful constitutional claims to recover full fees. The superior court determined that they were not entitled to a full fee award because the court's underlying decision was grounded entirely in statute and administrative regulations and did not address any constitutional issues. It granted the lease owners a standard 20% fee award under the appellate rules. The lease owners appeal, arguing that they were entitled to full fees. Because we agree with the superior court that it did not reach any constitutional issues, we affirm the superior court's award of partial fees.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Alaska statutes require oil and gas well operators to provide certain information and records relating to the operation of such wells to the Department of Natural Resources (DNR).[1] While this data is generally kept confidential for two years before it is released to the public, DNR may extend the confidentiality period for a "reasonable time" if it finds that the data "contain[s] significant information relating to the valuation of unleased land" within a three-mile radius of the well.[2] DNR regulations state that any such extension must end "90 days after disposal of the unleased land."[3]

Daniel Donkel and Samuel Cade own oil and gas leases in northern Alaska. In 2021, they began submitting requests to DNR for data related to five wells located near their leases, which they sought in order to "facilitate . . . potential development" of their own land. DNR had kept the data for all five wells confidential for several decades based on the wells' proximity to the Arctic National Wildlife Refuge (ANWR), which was comprised of federally owned, unleased land.[4] But in early 2021, the federal government leased 437,804 acres of ANWR, including all of the previously

---

[1]    AS 31.05.035(a); *see also* AS 31.05.026(c).

[2]    AS 31.05.035(c); 11 Alaska Administrative Code (AAC) 83.153(a).

[3]    11 AAC 83.153(a).

[4]    *See* AS 31.05.035(c).

unleased lands within a three-mile radius of the five wells in question. Donkel and Cade argued that this triggered the end of the confidentiality period for the well data.

DNR denied Donkel and Cade's requests for the well data. Although it agreed that it was required to release data 90 days after the disposal of nearby unleased land, it pointed out that the federal government had issued an executive order pausing ANWR leases less than two weeks after they took effect, that the Secretary of the Interior had found that the leases contained "multiple legal deficiencies," and that one of the leases had since been "rescinded." DNR reasoned that the "uncertainty of the current and long-term legal status of the leases" meant that it could keep the well data confidential.

DNR denied Donkel and Cade's request for reconsideration.

## B.    Proceedings

### 1.    Appeal to superior court

Donkel and Cade appealed DNR's decision to the superior court. They argued that under statute and DNR regulations, the extended confidentiality of the well data had terminated 90 days after the adjoining lands were leased. They alleged that DNR's denial of their request was "arbitrary, capricious, and with no rational or legal basis," and also that it violated procedural due process.

The superior court agreed with Donkel and Cade that the operable statute and the administrative code clearly required DNR to release the well data. It concluded that DNR's decision had no reasonable basis in law and was an abuse of discretion, and it ordered DNR to release the well data. The court did not discuss Donkel and Cade's due process argument.

DNR did not appeal the decision.

### 2.     Motion for attorney's fees

Donkel and Cade moved for full reasonable costs and attorney's fees under AS 09.60.010(c), which provides that courts shall award full fees to prevailing constitutional litigants.[5]

First, they argued that they had "prevailed in the 'establishment, protection, or enforcement' of their due process rights and their fundamental right to access public documents." They pointed out that the superior court had held that DNR's decision had no reasonable basis in the law, arguing that this inherently meant that DNR had violated due process. Second, they argued that they had prevailed on a "fundamental right to access public documents" that they believed was grounded in the Alaska Constitution. Third, they argued that they did not have sufficient economic incentive to bring the suit, which would bar application of full fees under the constitutional litigant statute.[6] They asserted that the well data they sought could only benefit them indirectly, which they argued was "insufficient to defeat a claim for full fees."

DNR opposed the motion, arguing that Donkel and Cade were not entitled to full fees both because they did not prevail on any constitutional claims and because they were economically incentivized to bring the suit. It argued that if the court granted Donkel and Cade any attorney's fees, the award should not exceed the standard 20% award.

---

[5]     AS 09.60.010(c)(1) ("In a civil action or appeal concerning the establishment, protection, or enforcement of a [constitutional] right," the court shall award full reasonable fees and costs to claimant who "has prevailed in asserting the right.").

[6]     *See* AS 09.60.010(d)(2) ("[T]he court shall make an award only if the claimant did not have sufficient economic incentive to bring the suit, regardless of the constitutional claims involved.").

### 3. Superior court order granting partial attorney's fees

The superior court agreed with DNR that Donkel and Cade were not entitled to full attorney's fees under AS 09.60.010(c). First, it reasoned that in deciding the administrative appeal the court had relied entirely on statute and DNR regulations, "never reach[ing] the due process issue." Second, it rejected Donkel and Cade's argument that they prevailed on a constitutional "right to public access to government information." It found that because Donkel and Cade had not argued that public access to government information is grounded in the constitution in its administrative appeal briefing, and the superior court had not ruled on that constitutional question, AS 09.60.010(c) did not apply. Third, it concluded that Donkel and Cade had sufficient economic incentive to bring the claim, which barred a full fee award. It found that Donkel and Cade sought the well data in order to determine whether and where to drill, which it took as "strong evidence that the primary purpose of their action was to gain an economic advantage."

The court therefore declined to award Donkel and Cade full fees under AS 09.60.010(c), instead granting them 20% of their attorney's fees necessarily incurred over the course of the litigation under the appellate rules.[7]

Donkel and Cade appeal the denial of full fees.

## III. STANDARD OF REVIEW

While an award of attorney's fees is generally reviewed for abuse of discretion, we review de novo whether the superior court correctly applied the law in awarding or denying attorney's fees.[8] Interpreting AS 09.60.010 is a question of law

---

[7] *See* Alaska R. App. P. 508(e)(4) ("[T]he court shall award the prevailing party 20% of its actual attorney's fees that were necessarily incurred" in administrative appeals to the superior court.).

[8] *City of Kodiak v. Kodiak Pub. Broad. Corp.*, 426 P.3d 1089, 1093 (Alaska 2018).

that we review using our independent judgment, "adopting the 'rule of law that is most persuasive in light of precedent, reason, and policy.' "[9]

## IV.  DISCUSSION

Alaska Statute 09.60.010(c) states that courts "shall award . . . full reasonable attorney fees and costs" to a civil litigant who "prevail[s] in asserting" a constitutional claim.[10]  It also states that "the court shall make an award only if the claimant did not have sufficient economic incentive to bring the suit."[11]

Donkel and Cade argue that they are entitled to full fees under the statute because they "prevailed in protecting or enforcing their constitutional rights" of due process and "access [to] public documents."  They also argue that, contrary to the superior court's finding, they qualify for full fees under the statute because they did not have sufficient economic incentive to bring suit.

We conclude that Donkel and Cade did not prevail on any constitutional claims as required by AS 09.60.010(c).  Because this precludes a full fee award under the statute, we do not reach the question of whether they had sufficient economic incentive.[12]

---

**9**      *Vote Yes for Alaska's Fair Share v. Res. Dev. Council for Alaska, Inc.*, 539 P.3d 482, 488 (Alaska 2023) (first citing *Alaska Conservation Found. v. Pebble Ltd. P'ship*, 350 P.3d 273, 279 (Alaska 2015); and then quoting *DeVilbiss v. Matanuska-Susitna Borough*, 356 P.3d 290, 294 (Alaska 2015)).

**10**      AS 09.60.010(c)(1).

**11**      AS 09.60.010(d)(2).

**12**      DNR also argues that Donkel and Cade's billing entries failed to adequately delineate the hours spent on constitutional claims as required by the statute. *See* AS 09.60.010(d)(1) (prevailing constitutional claimant may only recover fees for "that portion of the services . . . devoted to" constitutional claims).  Because we affirm the superior court's denial of full attorney's fees under AS 09.60.010(c), we do not address this issue.

## A. Donkel And Cade Did Not Prevail In Asserting A Due Process Claim.

Donkel and Cade argue that they prevailed in asserting both a procedural and a substantive due process claim. We disagree.

First, although Donkel and Cade raised a procedural due process argument in their briefing before the superior court, the superior court did not address it. Its decision was grounded entirely in statutory and regulatory requirements.[13] And while Donkel and Cade urge this court to reexamine the record and hold that DNR did in fact violate procedural due process, this court "will not address . . . constitutional issues" where, as here, a case "may be fairly decided on statutory grounds or on an alternative basis."[14] Because the superior court never mentioned procedural due process, Donkel and Cade did not "prevail" in asserting that constitutional right as required by AS 09.60.010(c).

Second, Donkel and Cade did not, as they now claim, raise a substantive due process claim in their administrative appeal. We have held that " 'asserting' a constitutional right for purposes of AS 09.60.010(c) means making a claim on the basis of that right in a complaint or other claim for relief."[15] Donkel and Cade expressly stated in their administrative appeal briefing that "this is not a substantive due process case." While they appeared to raise a substantive due process argument in their motion for attorney's fees, they had not "assert[ed]" that constitutional right for the purposes

---

**13**      *See* AS 31.05.035(c) (giving DNR discretion to keep information confidential for "reasonable time after the disposition of all affected unleased land"); 11 AAC 83.153 (stating reasonable time is "not to exceed 90 days after disposal of the unleased land" and defining disposal as "the grant or issuance of an oil and gas lease").

**14**      *Alaska Fish & Wildlife Conservation Fund v. State*, 347 P.3d 97, 102 (Alaska 2015) (quoting *Alaska Fish & Wildlife Conservation Fund v. State, Dep't of Fish & Game, Bd. of Fisheries*, 289 P.3d 903, 907 (Alaska 2012)).

**15**      *City of Kodiak v. Kodiak Pub. Broad. Corp.*, 426 P.3d 1089, 1094 (Alaska 2018) (quoting *State v. Jacob*, 214 P.3d 353, 360-61 (Alaska 2009)).

of the attorney's fee statute.[16]  And while Donkel and Cade argue that by finding that DNR abused its discretion the superior court *inherently* found that DNR violated due process, this argument also fails.  Although the superior court did find that DNR abused its discretion by denying Donkel and Cade's data request,[17] an agency's abuse of discretion does not necessarily meet the "rigorous" standard for establishing a substantive due process violation.[18]  Indeed, the superior court's determination that DNR's position extending the confidentiality period "had no reasonable basis in law" appeared to be geared toward its assessment of the standard for reviewing an agency's interpretation of a statute.[19]  We further decline Donkel and Cade's invitation to examine the question whether there was a substantive due process violation here, where the case was fairly decided on other grounds.[20]  We agree with the superior court that Donkel and Cade did not prevail in asserting a due process claim.

---

[16]     *Id.*

[17]     *See Lindhag v. State, Dep't of Nat. Res.*, 123 P.3d 948, 952 (Alaska 2005) ("Review of an agency's application of its own regulation to the facts is limited to whether the agency's decision was arbitrary, unreasonable, or an abuse of discretion.").

[18]     *See Church v. State, Dep't of Revenue*, 973 P.2d 1125, 1130 (Alaska 1999) (holding that substantive due process claim will "only stand if the state's actions 'are so irrational or arbitrary, or so lacking in fairness, as to shock the universal sense of justice' " (quoting *In re Obermeyer*, 717 P.2d 382, 386-87 (Alaska 1986))).

[19]     The superior court here indicated that, "[w]hen determining a statute's meaning courts look to the statute's text and purpose, deferring to an agency's interpretation when the interpretation has a reasonable basis in law."  We do not address whether the "reasonable basis" standard or a de novo standard was appropriate for the court's review of DNR's interpretation in this case.  But we do note the court's recitation of the standard of review it applied in order to place its language describing DNR's position — as having no "reasonable basis in law" — in context.

[20]     *See Alaska Fish & Wildlife Conservation Fund v. State*, 347 P.3d 97, 102 (Alaska 2015).

**B.** **Donkel And Cade Did Not Prevail In Asserting A Constitutional Right To "Access Public Documents."**

Donkel and Cade also argue that they prevailed on a constitutional claim that DNR had violated their right to "access[] governmental information." Although they admit that the superior court did not mention the state or federal constitution in its merits ruling, they assert that by finding that DNR acted without legal basis the superior court inherently ruled that DNR violated a "fundamental, constitutional right to access" government information.

This argument also fails. In *City of Kodiak v. Kodiak Public Broadcasting Corp.*, we held that plaintiffs who had prevailed on an Alaska Public Records Act claim were not entitled to full fees under AS 09.60.010(c) because they had not raised any constitutional arguments prior to the motion for attorney's fees.[21] Here, Donkel and Cade similarly failed to invoke a constitutional right to access public records in their appeal to the superior court.[22] While they characterized the right to access government information as "fundamental," they "cited no provisions of either the state or federal constitutions and no court opinions analyzing a constitutional provision" that establish a constitutional right to access public records.[23] They therefore failed to "assert" a constitutional claim for the purposes of AS 09.60.010(c).[24] Donkel and Cade urge us to hold that "the superior court's finding that DNR had no legal basis or authority to withhold [the well data] . . . can *only mean* that DNR violated [their] fundamental, constitutional right to access" public information. (Emphasis added) But we reject that argument in light of Donkel and Cade's own framing of arguments in pursuit of their

---

[21] 426 P.3d 1089, 1094-95 (Alaska 2018).

[22] *See id.* ("[Kodiak Public Broadcasting Corporation] did not raise a constitutional claim in its complaint.").

[23] *Id.* at 1095.

[24] *Id.*

claim, and we once again observe that we will not reach such a constitutional question where a case can be, and was, fairly decided on other grounds.[25] Donkel and Cade asserted and prevailed on a statutory claim, not a constitutional one, so they do not qualify for full fees under AS 09.60.010(c).[26]

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the superior court's order granting partial attorney's fees.

---

[25] *See Alaska Fish & Wildlife Conservation Fund*, 347 P.3d at 102.

[26] *See City of Kodiak*, 426 P.3d at 1094-95.